## MARY FRANCES VAN GUILDER *vs.* HARRY E. VAN GUILDER.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and WOLFE, Js.

Evidence of one's undisclosed intention to commit or not to commit a given act—in this case the delivery of a deed—is relevant and admissible where the issue is whether such act was or was not in fact committed, since it tends to prove that he did pursue the course of conduct that such intent indicates; but evidence of such intent is not admissible to vary or qualify the legal effect or consequences of an act which he in fact commits.

One's purpose or intent will be presumed to continue according to its inherent strength or the permanence of the conditions out of which it arises or by which it is accompanied and stimulated.

It is within the discretion of the trial court to exclude statements made

to one as a basis for drawing remote inferences that, because thereof, he in fact followed a certain line of conduct in accord therewith.

Argued October 31st—decided December 13th, 1923.

SUIT to establish the plaintiff's title to certain real estate or to the proceeds arising from its sale upon foreclosure after the payment of the mortgage indebtedness thereon, and also for the cancellation of a deed of the same property from one of the defendants to the other, as being in fraud of the plaintiff's title, brought to and tried by the Superior Court in Fairfield County, *Kellogg, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants. *Error and new trial ordered.*

The finding discloses these facts: The plaintiff and the defendant Harry E. Van Guilder were married in 1903 and lived amicably together until August, 1919. In 1906 the husband purchased a piece of land, with a dwelling-house thereon, in Greenwich, for $2,400, and gave a purchase money mortgage for $1,500 as part consideration. In October, 1909, the husband quitclaimed the property to one Hubbard and took from Hubbard a quitclaim deed to his wife, the plaintiff. On October 22d, 1909, the husband delivered these two deeds to his wife, and stated to her that he had turned the property over to her and that it now belonged to her. She took the deeds and retained the custody and control of them until about August, 1919. In August, 1919, her husband secretly took them from her possession, and she, upon learning that he had the deeds, took them from his possession without his knowledge, retained them, and later, on September 6th, had them recorded on the Greenwich land records. On August 18th, 1919, the husband executed to his father, the defendant Edwin Van Guilder, a deed of the premises, which was recorded on the following day.

No consideration was paid by the father for this transfer, and he did not enter into possession of the premises. This transfer was made for the purpose of depriving the plaintiff of her right and title to the premises.

The premises were subject to a mortgage of $1,500, and were sold under foreclosure to satisfy the mortgage. On the sale, which occurred subsequent to 1919, a sum of money was realized over and above the mortgage and costs of suit, and the expense of sale. This money, on deposit with the clerk of the Superior Court at Bridgeport, is substituted, by agreement of all parties hereto, for the property itself.

Under the facts found the court drew these conclusions: (1) that the husband had made a transfer of the property to his wife by deed in October, 1909; (2) that the deed from the husband to his father in 1919 was given without consideration and was therefore void as against the wife; (3) that the money deposited with the clerk of the court, was the money of the wife, the plaintiff; and rendered judgment for the plaintiff accordingly.

*George E. Beers* and *William C. Rungee,* for the appellants (defendants).

*Horace A. Barton,* with whom was *William L. Tierney,* for the appellee (plaintiff).

CURTIS, J. The reasons of appeal attacking conclusions of the court drawn from the subordinate facts, are without merit. These conclusions were legally and logically drawn from the subordinate facts, and were therefore justified.

Upon the trial the plaintiff claimed, and offered evidence to prove, that her husband, on October 22d, 1909, made a quitclaim deed of the premises in question to one Hubbard, and had Hubbard draw a like deed to

the plaintiff, and that the husband on the same day delivered both deeds to the plaintiff, saying to her at the delivery that he had turned the property over to her and it now belonged to her.

The defendant husband claimed that he never delivered the deeds to his wife, and never made the statement to her that he had turned the property over to her and that it now belonged to her; but that the wife secretly took the deeds from his possession and recorded them.

He sought to prove, as a material fact tending to prove that he did not deliver the deeds to his wife, and as making his claim as to nondelivery more probable, that it was his intention, when he had the deeds executed, to make a provision for the disposition of the property after his death, and not to make a present conveyance. In pursuance of this purpose the husband was inquired of, and the court ruled, as follows: The defendant Harry E. Van Guilder, a witness in his own behalf, was asked on direct examination: "(Q) Why did you make these deeds? " This question was objected to. The court excluded the evidence on the ground that "it calls for a conclusion." To this ruling the defendants and each of them excepted. The witness was then asked: "(Q) What was your intention in making the deeds? " This was objected to, and the objection sustained upon the same ground. To this ruling the defendants and each of them excepted.

The husband was not attempting to prove a secret, undisclosed intent in order to determine the consequences of his conduct in dealings with his wife. For such purpose the evidence of undisclosed intent is not admissible. *Fox* v. *Hartford & W. H. Horse R. Co.,* 70 Conn. 1, 38 Atl. 871. The husband claimed that he had no dealings whatever with his wife in regard to the deeds, and his offer of testimony as to his intent was

to render it more probable that he had no dealings with his wife in relation to the deeds. His testimony as to his undisclosed intent could only be received for that purpose. If the trier found as a fact that he had dealings with his wife, the evidence would not be considered for the purpose of proving the effect of the dealings. "A witness may give evidence as to the existence of any mental state of his own mind of which he is conscious, should the fact be material." Chamberlayne, Modern Law of Evidence, Vol. 2, § 1741e. That is, if intent is material, a person may testify as to his own intent. Wigmore's Pocket Code of Evidence, §§ 391, 392. "The declarations of a party that he intends to do a certain act or pursue a certain course of conduct, is always admissible where the issue is whether the party did that act or pursued that course of conduct." *Mills* v. *Swords Lumber Co.*, 63 Conn. 103, 26 Atl. 689. Transient states of consciousness like intent or intention will be presumed to continue in accordance with their inherent strength or the permanence of the conditions out of which they arise or by which they are accompanied and stimulated. Chamberlayne, Modern Law of Evidence, Vol. 2, § 1044.

The question for the court to determine was whether an intention on the part of the husband on the day the deeds were executed, to use the deeds in question for a purpose other than a present delivery to his wife, tends to prove that he pursued the course of conduct that such intention indicated. Taking into consideration the presumption of continuance as stated above, the intention of the husband in the making of the deeds in question, tended to prove that he would continue to pursue the course of conduct indicated by such intention, and so tended to show that the nondelivery of the deeds was probable conduct. The rejection of this evidence was erroneous, and clearly harmful.

The reasons of appeal based on the rulings as to the statements made by Dayton, Chard and Haggerty to the husband, are not well taken.   The inferences sought to be drawn from their statements to him as to the financial effect of having the deeds drawn and recorded after his death, were so remote, that rejection of their testimony was within the discretion of the court.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.