HAROLD G. HOWE *vs.* WATKINS BROTHERS ET AL.

First Judicial District, Hartford, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Intent or purpose is usually found as a primary fact and not as a conclusion from subordinate facts; as such, it must either be supported by direct testimony or be an inference reasonably drawn from all the relevant facts and circumstances presented by the evidence.

The plaintiff, who was employed by the defendants as a licensed embalmer in the undertaking business operated by them in connection with their furniture store, was the owner of an automobile, registered in his name and operated by him chiefly for his own pleasure and convenience but which, under an agreement with the defendants, he occasionally used in their business for compensation paid him either in money, gasoline or oil. The defendants, however, never pa'd him for washing the car or for

having it washed. One Thursday afternoon—that being a half-holiday in the store—he was left on duty to receive and answer calls in the undertaking department and, having nothing else to do, went to the garage in the rear of the premises for the purpose of washing the running gear of his car. While so engaged, he sustained a slight cut upon one of his fingers which subsequently became infected, resulting in a long disability. The compensation commissioner found that, in accordance with the defendants's custom of keeping their vehicles in a clean and orderly condition, the plaintiff made the decision to wash his own car in order that it might be presentable in responding to whatever business calls came in, that his main object was to have it in proper condition for the defendants' business, which was a distinct benefit to them, and that his injury thus arose out of and in the course of his employment. *Held:*

1. That a review of the entire evidence failed to disclose any support, either by way of direct testimony or reasonable inference, for the commissioner's finding as to plaintiff's purpose in washing his car; and that with this fact stricken from the finding, the conclusion that his injury arose out of his employment could not be sustained.

2. That since further inquiry might elicit other facts bearing upon this issue, the cause should be remanded to the commissioner for a rehearing. (*Two judges dissenting.*)

Argued January 5th—decided May 16th, 1928.

APPEAL by the defendants from a finding and award of the compensation commissioner for the first district in favor of the plaintiff, taken to the Superior Court in Hartford County and tried to the court, *Jennings, J.;* judgment rendered dismissing the appeal and confirming the award, from which the defendants appealed. *Error; cause remanded with direction.*

*S. Polk Waskowitz* and *Edward S. Pomeranz,* for the appellants (defendants).

*William S. Hyde,* for the appellee (plaintiff).

MALTBIE, J. This is an appeal from the dismissal by the Superior Court of an appeal from an award to the claimant. The facts found are as follows: The de-

fendant employers maintain at Manchester a large
furniture store and in connection therewith an under-
taking establishment, in which the claimant was
employed as a licensed embalmer. The store is closed
Thursday afternoons each week, but the undertaking
establishment remains open with some one in charge to
take calls. The claimant, some time prior to the date
of the injury, had purchased for himself an automobile,
which was registered in his name. He had an arrange-
ment with the defendant employers that he was, on
occasion, to use the car in their business and was to be
paid therefor either in money or in gasoline or oil, and
he had, prior to the date of the accident, on occasion
used the car for them and been compensated in this
way. It is the custom in the undertaking business to
keep vehicles used in it in a clean and orderly condition
and this rule prevailed at the defendant-employers'
establishment. On Thursday afternoon April 29th,
1926, the claimant was on duty in the undertaking
establishment alone, his duty being to take any calls
that might come in and do whatever might be neces-
sary to further the defendant-employers' interest. His
automobile was in their garage in back of the establish-
ment, for the purpose of being used in response to any
calls for his services that might come in. It needed
washing and in accordance with the custom prevailing
in the employers' business of keeping their vehicles
clean, the claimant decided that it ought to be cleaned
so that it might be presentable in responding to what-
ever business calls might come in. He went to the
garage and washed and cleaned the car. In washing it
his chief object was to have it in a clean condition for
the employers' business, which was a distinct benefit to
them. While washing one of the rear fenders he cut
his right index finger. This apparently slight injury
became infected, due to a germ which entered through

the cut, resulting in a long disability. The commissioner concluded that the claimant sustained the injury while he was doing something for the benefit of his employers and that it arose out of and in the course of his employment.

The defendants sought several corrections in the finding, and all the evidence has been brought before us. Certain of the additions sought should have been made, and we add the following to the finding: The automobile in question belonged to the claimant, was registered and insured by him as a pleasure car, and had been used by him to go to and fro between his home and the place of business. At times he had it washed at a garage where the cars belonging to his employers and that of one Anderson, their assistant manager in charge of the undertaking department, were also washed; the claimant himself paid for the washing of his car, but those belonging to his employers and Anderson were paid for by the former. On Thursday afternoon of the injury there was a time when the claimant was not occupied with the business of his employers and he decided to wash the running gear of the car, although there was nothing urgent about his doing it at that time.

These additions should be made to the finding, not because in themselves they would be material in procuring a different conclusion than that at which the commissioner arrived, but because they afford a more complete picture of the situation from which to approach that portion of the motion to correct which presents the real issue in the case. The motion seeks to strike out from the finding those portions in which it is stated that the claimant, in accordance with the custom prevailing in his employers' business of keeping their vehicles clean, decided that the car ought to be cleaned so that it might be presentable in responding

to whatever business calls came in, and that in washing the car his chief object was to have it in a clean condition for the employers' business, which was a distinct benefit to them. That he was at the time in question in the course of his employment cannot be questioned, for while at the time he was not engaged in any duty pertaining to it, he was, during the period of the day when he suffered his injury, and in fact during the entire twenty-four hours of the day, subject to the call of his employment or the order of his employers. Moreover, upon the finding it is evident that the automobile was, on the afternoon in question, so far devoted to the employers' business that, had the claimant been injured by reason of any use to which he was putting it in furtherance of that business, it would not be possible to escape the conclusion that the injury arose out of the employment. If it is so that his purpose in washing the car was to have it presentable should he be called upon to answer any call in the business of his employers, in accordance with the custom prevailing in their business to keep their vehicles clean, and was acting for the benefit of his employers, it would be difficult to escape the same conclusion. If, on the other hand, the claimant was taking advantage of a time when the duties of his employment did not call for attention to wash the car for his own purposes, the injury could not be said to arise out of the employment. The motion to strike out the finding as to his intent and purpose, therefore reaches the heart of the case.

A finding of intent or purpose ordinarily is one of a primary fact and where it is supported by no direct evidence it is an inference drawn from all the relevant facts and circumstances presented by the evidence and is not a conclusion from subordinate facts; *Goodhart* v. *State,* 84 Conn. 60, 68, 78 Atl. 853; *Luce* v. *Niantic Menhaden Oil & Guano Co.,* 86 Conn. 147, 150, 84 Atl.

521; and that this was the nature of the finding in this case appears from its position among the subordinate facts and not among the conclusions. We must then examine all the evidence and can correct the finding only if there is no evidence adequate to support it or reasonably justifying an inference that the facts are as therein stated. *McDermott* v. *McDermott,* 97 Conn. 31, 35, 115 Atl. 638.

In a consideration of the evidence, two circumstances cannot be overlooked. One is that the report of the accident made by the representative of the employers to the insurance company gave as the cause of the injury, "infection apparently from his undertaking work." Apparently it was only when an examination of the record as to the bodies he had embalmed prior to the injury failed to disclose any work he had done from which the infection could have come that attention was centered upon the scratch he had received while washing the car. The other circumstance is the very evident desire of the assistant manager of the defendant-employers, in charge of the undertaking department, who testified in behalf of the claimant, to do all he could to assist in securing him compensation, a compensation which must be paid, not by the employers, but by the insurance company. These facts tend definitely to destroy any favorable inferences which might arise from the testimony of these two men, upon which the claimant's case in the respect we are considering almost wholly depends.

If we turn to direct evidence bearing upon the purpose intended to be served by the washing of the car, all we find is some testimony of the claimant. His examination proceeded as follows: "Q. It was your own car you were washing? A. Yes, sir. Q. You had some time off and you thought you would wash it? A. It was nothing urgent just at that time. Q. No

reason for washing the car at that time, just that you had some time off? A. Yes, sir. Q. You like to keep your own car clean? A. I always keep it clean. Q. So when you go out driving for pleasure you always keep it clean? A. For pleasure or business I clean it at all times. . . . Q. Was it part of your duty to wash the car and keep the car clean? A. I didn't expect it was up to anybody else. It was my car. Q. You cleaned it for your own benefit, is that right? A. I kept my car in shape, yes." Certainly this evidence points to the conclusion that the claimant was washing the car for his own purposes rather than for the purpose of serving his employers' business and it would not sustain the commissioner's finding we are now considering.

If we turn to the circumstantial evidence, the whole testimony serves to emphasize the fact, apparent from the finding as corrected, that the car was primarily one maintained by the claimant for his own uses and purposes, and that any use in connection with the business was very incidental. The claimant testified that it was only the running gear of the car that was dirty, and the fact that he was using a pail rather than a hose which was available, indicates that even this part was not very dirty. His testimony that the matter was not urgent, but that he "had some time off" and so undertook it, suggests he was not so much pursuing his employment as using his idle time for his own purposes. Moreover, the claimant had no means of knowing whether he would be called upon that afternoon to go out upon his employers' business, whereas he did know that when his work was done he would use the car for his own purposes, and would continue to use it for those purposes until some indefinite time in the future when his employers might again need it.

Perhaps as significant as the evidence given is the lack of evidence upon certain features of the case. It

is striking that the claimant did not anywhere testify that he was washing the car for the purposes of his employers' business, which would have been the most natural thing for him to do, had it been so; and while such testimony would by no means have been conclusive, but would have to be weighed in the light of all the circumstances, its absence cannot be otherwise than very significant. Nothing indicates the hour of the day when he was washing it, and it may have been near the very end of his period of duty, in which event the inference that he was doing it for the purpose of his employers' business certainly would be most difficult to draw. Again, it does not appear that, on the day in question, he had been directed to wash the car, nor that he had ever been instructed to keep it clean for the very occasional use of it in the business, nor that he had made a practice of washing it for that purpose or at his employers' garage.

From this review of the entire evidence in the case, we conclude that the findings in question, to the effect that the claimant was washing the car for the purpose of serving the business of his employers, are not supported by direct testimony, nor are they inferences which might reasonably be drawn from all the facts and circumstances in evidence. They must be stricken out, with the result that the commissioner's conclusion that the injury arose out of the employment cannot be sustained. As this result is based to a considerable extent on the absence of evidence as to certain circumstances and further inquiry might elicit other facts, the cause of justice will be best served if the case is returned to the commissioner for further hearing. *Cormican* v. *McMahon*, 102 Conn. 234, 238, 128 Atl. 709.

There is error, the judgment is set aside, and the cause remanded to the Superior Court with direction to sustain the appeal and return the case to the com-

missioner for further action in accordance with this opinion.

In this opinion HAINES and HINMAN, Js., concurred.

WHEELER, C. J. (dissenting from rescript). I concur in the opinion except as to the rescript. The opinion very completely demonstrates that the commissioner could not have legally reached any conclusion upon the finding thus corrected other than that the injury did not arise out of the employment. The record indicates that the plaintiff's case was fully and carefully presented by competent counsel, and that there is no other material evidence which is available to him. He had the great advantage of having the sympathy and testimonial aid of his employers. The case was one where employee and employer united in the effort to render the insurer liable to the employee. The claims of the plaintiff have been very completely, strongly, and sympathetically presented in the finding. When the finding has been corrected, in accordance with the evidence, as the opinion has done, a judgment adverse to the defendant-insurer could not be fairly rendered.

To return the case to the commissioner for a new trial, having pointed out to the claimant the essential weakness in the testimony of himself and his witnesses, will, I fear, stimulate the imagination and recollection of the claimant or his witnesses to supply the missing links in their evidence and in consequence the truth will suffer. Under these circumstances, I do not think the ends of justice will be served by according the plaintiff further opportunity to present his case, already once fully presented. Its facts do not bring it within the liberal rule we adopted in *Cormican* v. *McMahon,* 102 Conn. 234, 238, 128 Atl. 709.

In this opinion BANKS, J., concurred.