ELEANOR H. REYNOLDS *v.* CHARLOTTE VROOM.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

54

Argued March 7—decided April 5, 1945.

*William L. Hadden,* with whom, on the brief, were *Daniel Pouzzner* and *Clarence A. Hadden,* for the appellant (defendant).

*Benjamin Slade,* for the appellee (plaintiff.)

BROWN, J. This is an action by a plaintiff wife for the alienation of her husband's affections by the defendant. These are the facts as found by the trial court: The plaintiff and her husband, Karl Reynolds, were married in February, 1927. Up to February, 1943, they were living together happily in Wallingford, where he was employed in a local bank. On February 4, 1922, the defendant was married to Robert Vroom and they also were living in Wallingford. She became estranged from him and he finally left on February 4, 1943. She obtained a decree of divorce in February, 1944. The defendant had extensive property interests and maintained a large deposit account in the bank with which Reynolds was connected. As its vice president he frequently advised with her concerning her financial interests. From time to time he called upon the defendant in her home and was occasionally there for meals. Subsequent to February 4, 1943, the defendant by prearrangement dined with Reynolds in various eating places away from Wallingford and at times

attended small social gatherings where he was present. Between February 4, 1943, and May 24, 1943, Reynolds ate few meals at home and was there but little of the time; and the defendant spent Sundays and holidays in his company at various places. During this period he had the use of her station wagon for a considerable time and drove her about in it. As a result of the defendant's extensive and persistent attention to the plaintiff's husband as shown by these and other acts, he permanently left and abandoned the plaintiff, resulting in a total loss of consortium. The court rendered judgment for the plaintiff to recover of the defendant $17,500 and costs. The defendant has appealed, assigning error in the court's finding, its conclusions, the overruling of her claims of law, the amount of the judgment, as excessive, and certain rulings on evidence. Since in the view which we take of the case the rulings on evidence only call for consideration, the foregoing gives a sufficient summary of the factual situation.

From this statement of facts it is evident that the acts of the defendant were not wrongful per se. The principle laid down in *Maggay* v. *Nikitko,* 117 Conn. 206, 209, 167 Atl. 816, is therefore equally applicable here: "In order to be a basis for a recovery by a plaintiff for the alienation of his wife's affections, the acts of the defendant relied upon, unless they were themselves wrongful, as, for instance, where the alienation results from adultery with the plaintiff's wife, must have been done intentionally, or from an unjustifiable motive, or have been persisted in with knowledge that they were doing or were likely to do a wrong to the plaintiff. *Miller* v. *Pierpont,* 87 Conn. 406, 410, 87 Atl. 785; *Lillegren* v. *Burns Agency,* 135 Minn. 60, 62, 160 N. W. 203; *Hodge* v. *Brooks,* 153 Ark. 222, 228, 240 S. W. 2; 2 Schouler, Marriage, Divorce, etc. (6th

Ed.) § 1335; Keezer, Marriage & Divorce (2d Ed.) § 150." In that case there was evidence of certain acts by the defendant which could only be construed as wrongful and intentional, but there was also evidence of acts capable of a quite innocent construction. We held that under such circumstances the element of wrongfulness in the defendant's conduct formed so essential a part of the cause of action that the court's failure to charge the jury as to it constituted reversible error. Similarly the question whether the defendant's conduct was wrongful by reason of her knowledge and intent becomes of controlling importance upon the present appeal.

The plaintiff called the defendant as a principal witness in support of her case and questioned her at length concerning her dealings and associations with the plaintiff's husband. On cross-examination she was asked: (1) "Was there any intention on your part to destroy whatever love or affection Karl Reynolds bore his wife?" and (2) "Did you have any knowledge that your association with Mr. Reynolds . . . was causing Mrs. Reynolds to lose the affection of her husband?" Upon objection by the plaintiff, both of these questions were excluded. In so ruling the court erred. As above pointed out, the defendant's knowledge and intention are essential elements of the plaintiff's cause of action in a case for alienation of affections where the defendant's acts are limited to such as are here involved. Recognizing this, the court specifically concluded that the "Defendant deliberately planned and succeeded in alienating plaintiff's husband's affections" and "persisted in her association with Karl Reynolds with knowledge that she was doing, or likely to do, a wrong to the plaintiff."

Where the intention of a defendant is in issue, his testimony concerning it is admissible. *Lentine* v.

*McAvoy,* 105 Conn. 528, 532, 136 Atl. 76; *Mentz* v. *Greenwich,* 118 Conn. 137, 146, 171 Atl. 10; *Van Guilder* v. *Van Guilder,* 100 Conn. 142, 146, 123 Atl. 19; 2 Wigmore, Evidence (3d Ed.), p. 714, § 581. The same is true as to any mental state in issue concerning which the witness is capable of testifying. *Gray* v. *Mossman,* 91 Conn. 430, 441, 99 Atl. 1062; *State* v. *Lee,* 69 Conn. 186, 196, 37 Atl. 75; *Hallock* v. *Alvord,* 61 Conn. 194, 198, 23 Atl. 131. Accordingly, the fact that the court might properly have inferred from the defendant's course of conduct, shown by other evidence, what her intention and knowledge were does not render the evidence inadmissible, or its exclusion harmless, as argued by the plaintiff. Manifestly, direct and positive testimony of a nature admissible to prove a fact is not translated to the inadmissible because there happens to be other indirect evidence of it in the case. See *Walter* v. *Sperry,* 86 Conn. 474, 478, 85 Atl. 739. Nor can the exclusion of such direct evidence be deemed harmless by virtue of the fact that the court in deciding the case without it had determined the issue against the party who offered it. See *Rowell* v. *Ross,* 89 Conn. 201, 206, 93 Atl. 236. Positive testimony by the defendant, when considered together with the other evidence, might have been sufficient to swing the court to the contrary conclusion.

There is error, the judgment is set aside, and a new trial is ordered.

In this opinion the other judges concurred.