STATE OF MAINE *vs*. CARL WAGNER.

Aroostook.    Opinion, November 21, 1945.

*George V. Blanchard,* County Attorney for the State.

*Clarence Scott,*

*Hayden Covington,* Brooklyn, N. Y., for the respondent.

SITTING: THAXTER, HUDSON, MANSER, MURCHIE, JJ., AND CHAPMAN, Active Retired Justice.

CHAPMAN, A. R. J.    Section 22 of Chapter 129, R. S. 1930,

as amended by Chap. 94, P. L., 1937, and in force at the time of the occurrences which were the subject of this case provides in part,

> "whoever being more than 16 years of age wilfully and wantonly or maliciously vexes, irritates, harasses, or torments any person in any way, after having been forbidden so to do, by any sheriff, deputy sheriff, constable, police officer, or justice of the peace, . . . shall be punished."

The indictment against the defendant alleged that the defendant

> "on the twenty-fifth day of May in the year of our Lord one thousand nine hundred and forty-four, being then and there a person more than sixteen years of age, did wilfully, wantonly and maliciously vex, irritate, harass and torment one Mabel E. White by then and there without the permission or consent of the said Mabel E. White entering the dwelling house and convalescent home owned and occupied by the said Mabel E. White, and others, and frightening, disturbing and bothering the said Mabel E. White after he, the said Carl Wagner, had been duly forbidden so to do by one Leo T. Spain, a duly appointed and qualified deputy sheriff, . . . ."

At the trial, after presentation of the evidence by the State and by the defendant, the defendant moved the Court to direct the jury to return a verdict of "not guilty." The presiding justice denied the motion, and the defendant noted his exception. To sixteen other rulings of the Court made during the progress of the trial, the defendant also noted exceptions. The jury returned a verdict of "guilty" and the defendant is before this Court upon a bill of exceptions embodying the exceptions so noted at the trial.

The defendant, a minister of a religious organization, was engaged in making house to house calls at Houlton in furtherance of the doctrines of his organization. It was in accordance with his procedure to attempt to interest those upon whom he called and, if successful in gaining their interest, to make visits to such persons and engage with them in Bible study. On May 11, 1944, he called at the house of Mrs. White, the complaining witness, for the purpose of seeing a Mr. Wheaton who had a room in the house and who had attended meetings of the organization. The defendant had also on occasions visited Mr. Wheaton at his previous home and engaged with him in Bible study. Mrs. White conducted the defendant to Mr. Wheaton's room but told him that he could not see anyone else in the house. Mrs. White in her testimony stated that she had no objection to the defendant seeing anyone who wanted to see him. She also stated that the other roomers had any callers whom they desired. On the occasion of this visit, the defendant left without seeing or attempting to see any other occupant of the house. On May 18, 1944, he again went to the house and asked for a Mrs. Ketchum but was refused permission to see her by Mrs. White who stated that Mrs. Ketchum was unwilling to see him and she refused to show him what room was occupied by that lady. She, however, again allowed him to see Mr. Wheaton. After a visit with Mr. Wheaton, during which he engaged in Bible study with him, he again approached Mrs. White with a request that she show him Mrs. Ketchum's room, whereupon an argument took place as to their respective rights. The defendant claimed the right to call upon Mrs. Ketchum as an occupant of a room in a rooming house, while Mrs. White claimed that the house was a private dwelling and that she had the right to admit or exclude visitors. Mrs. White called in a deputy sheriff, who at Mrs. White's request compelled the defendant to leave, and forbade him to come to the house again. On May 25, 1944, the defendant again went to the house, went to Mr. Wheaton's room, and in accordance

with his previous visits engaged in Bible study with Mr. Wheaton and left without coming in contact with any other person or attempting to do so.

The charge in the indictment is based upon the defendant's doings on that occasion. If he wilfully, wantonly and maliciously vexed, irritated, harassed or tormented Mrs. White, it was by entering the house and going to Mr. Wheaton's room and holding a Bible study according to the practice of the religious sect to which he belonged.

In the statute the words "wilfully and wantonly or maliciously" modify the words "vex, irritate, harass, or torment." The specific intent to "vex," etc., is, therefore, an element of the offense created and must be proved with the same certainty as any other element. 22 C. J. S., Crim. Law §32; *State* v. *Neal*, 37 Me., 468; *State* v. *Quigley*, 135 Me., 435, 437, 199 A., 269; *State* v. *Sprague*, 135 Me., 470, 475, 199 A., 705; *Savitt* v. *United States*, 59 Fed. (2d), 541; *People* v. *Plath*, 100 N. Y., 590, 3 N. E., 790, 53 Am. Rep. 236; *Roberts* v. *People*, 19 Mich., 401; *Thacker* v. *Comm.*, 134 Va., 767, 114 S. E., 504. It cannot be presumed from the commission of the overt act although such overt act be committed with general wrongful intent. 22 C. J. S., Crim. Law, §32; Lawson on Presumptive Evidence, p. 271; *Smith* v. *State*, 87 Fla., 502, 100 So., 738; *Thacker* v. *Comm.*, supra; *People* v. *Plath*, supra.

The defendant's state of mind which constituted his intent upon the visit complained of must be ascertained from his conduct viewed in the light of attendant circumstances.

He had made visits on previous occasions to see Mr. Wheaton who was interested in the work carried on by the defendant and such visits had been unobjectionable to Mrs. White. It was his persistence in claiming the right to see Mrs. Ketchum that had incurred her displeasure and caused her to order him not to return. On May 25 he visited Mr. Wheaton and engaged with him in Bible study as on previous occasions, and made no attempt to see any other person. His conduct on

that occasion was devoid of anything that on the former visit had been displeasing to Mrs. White. It would not be an irrational conclusion that the purpose and intent of the defendant in his visit to Mr. Wheaton on May 25 was the same as that which had actuated him on his previous visits to that gentleman. It is a principle too elementary to require citation of authority that when a criminal intent of a defendant is at issue, if a conclusion consistent with innocence is reasonable, the defendant is entitled to the benefit of such conclusion. The defendant's motion should have been allowed. It is unnecessary to consider the remaining exceptions. The mandate must be,

*Exceptions sustained.*