STATE OF CONNECTICUT *v.* BENJIE NATHAN

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued December 5, 1951—decided January 22, 1952

*Henry T. Istas,* with whom was *George Chisaski,* for the appellant (defendant).

*George R. Tiernan,* prosecuting attorney, for the appellee (state).

O'SULLIVAN, J. The defendant was tried to the court on an information containing three counts. He was charged, in the first, with having in his possession certain obscene motion picture films, contrary to § 8567 of the General Statutes, and, in the second, with carrying on his person a dangerous weapon, contrary to § 8540. The court found the defendant guilty on these two counts only. He has appealed from the judgment rendered thereon. His sole assignment of error is that the evidence was insufficient to prove his guilt on either count beyond a reasonable doubt.

There was evidence from which the court could reasonably have found the following facts: About 8 p. m. on May 16, 1951, a police officer of the city of New Haven stopped a Plymouth coupe which the defendant was operating on Orange Street. The officer first searched the defendant and found in his trouser pocket a knife with a blade four and one-quarter inches long. When asked why he had the knife, the defendant said that he used it in performing a magician's trick. He further said that he got the knife in Japan, while he was in the service.

The officer then searched the coupe and discovered in the trunk of the car two rolls of sixteen-millimeter motion picture film and a sixteen-millimeter motion picture projector. He inquired what was on the films. The defendant said that he did not know. While at the detective bureau, to which he was taken, he refused to allow the use of the projector to run off the motion pictures. He made conflicting statements as to how he acquired the films. At first he stated that he had bought them in Philadelphia from a friend engaged in the photographic business, only to deny this somewhat later in the evening, refusing, at that time, to make any further statement to explain where he obtained them. Another projector was eventually brought to the bureau, and the pictures, when shown, proved to be disgustingly obscene. At no time did the officers inquire of the defendant as to the use he proposed to make of the films, nor did he volunteer any explanation on that subject. He did not testify in his own behalf, and he did not offer any evidence at the close of the state's case.

The first count alleged a criminal offense under § 8567 of the General Statutes.[1] The mere possession of obscene motion picture films is not forbidden by the statute. Possession becomes unlawful only if the possessor intends "to sell, lend, give, offer or show" them.

---

[1] Sec. 8567. OBSCENE LITERATURE AND PICTURES. Any person who shall buy, sell, advertise, lend, give, offer or show, or have in his possession with intent to sell, lend, give, offer or show, any book, pamphlet, paper or other thing containing obscene, indecent or impure language, or any picture, print, drawing, figure, image or other engraved, printed or written matter of like character, or any article or instrument of indecent or immoral use or purpose, unless with intent to aid in their suppression or in enforcing the provisions hereof, or shall design, copy, draw, photograph, print, etch, engrave, cut, carve, make, utter, publish or otherwise prepare, or assist in preparing, anything herein named, shall be imprisoned not more than two years or be fined not more than one thousand dollars or both.

A conviction was warranted, then, only upon proof beyond a reasonable doubt that the defendant had possession of the films and that he had the specific intent to use them for one of the purposes prohibited by statute. *State* v. *Newman*, 127 Conn. 398, 400, 17 A. 2d 774; 1 Wharton, Criminal Law (12th Ed.) p. 197, § 143; 14 Am. Jur. 783; 22 C. J. S. 91, § 32. The intent, moreover, could not be established from the mere fact of possession. *Commonwealth* v. *Carter*, 306 Mass. 141, 149, 27 N. E. 2d 690; *State* v. *Wagner*, 141 Me. 403, 406, 44 A. 2d 821. The defendant concedes that the films were in his possession. His sole claim is that there was no evidence to support the other essential element of the offense.

Intent may at times be a difficult thing to establish, since it is the result of a mental process. Direct proof of it may, of course, come from the person in whose mind the intent was formulated. *Reynolds* v. *Vroom*, 132 Conn. 53, 56, 42 A. 2d 336; *Van Guilder* v. *Van Guilder*, 100 Conn. 142, 146, 123 A. 19; *Fox* v. *Shanley*, 94 Conn. 350, 362, 109 A. 249; 2 Wigmore, Evidence (3d Ed.) p. 714, § 581. While not conclusive, such evidence is competent. *People* v. *Levan*, 295 N. Y. 26, 34, 64 N. E. 2d 341.

Intent, however, usually is, and in the case at bar was, established, if at all, by circumstantial evidence. *Howe* v. *Watkins Bros.*, 107 Conn. 640, 644, 142 A. 69; *Severin* v. *State*, 146 Neb. 506, 510, 20 N. W. 2d 377. It is admitted that the defendant had the obscene films in the trunk of his car. That fact alone was entirely consistent with innocence. The presence of the projector, and the defendant's contradictory statements, however, threw a new light on the matter. The court was afforded an opportunity to infer, if it so desired, that the purpose of having the projector in the coupe was to show the films. This was a fair and reasonable

inference for the trier to draw. "Our law is settled that the proof of guilt must exclude, not every possible, but every reasonable supposition of the innocence of the accused. *State* v. *Block* [87 Conn. 573, 577, 89 A. 167]." *State* v. *McDonough,* 129 Conn. 483, 486, 29 A. 2d 582; *State* v. *Smith,* 138 Conn. 196, 200, 82 A. 2d 816. The rights of every accused person must be zealously safeguarded, as the law prescribes. That does not mean, however, that the trier must lay aside all rules of logic and become naive beyond the point of reason. The court was not required to adopt the theory, pressed by the defendant, that the presence of the projector with the films was entirely fortuitous and innocuous. The evidence was ample to make out a prima facie case of guilt. Under these circumstances, the failure of the defendant to testify permitted the court to draw an unfavorable inference against him. *State* v. *McDonough,* supra, 487.

One other matter deserves comment. Section 8567 provides for exceptions. In those instances where possession as well as the specific intent has been established, the possessor is, nevertheless, guilty of no offense under the statute if his further intent is to aid in suppressing the obscene material or in enforcing the provisions of the statute. These exceptions are not a constituent part of the definition of the offense. It is unnecessary to incorporate them in an information. Although this was done in the case at bar, the state was not required to negative them by proof. *State* v. *McGee,* 88 Conn. 353, 359, 91 A. 270; see note, 153 A. L. R. 1292. A conclusion of guilt on the first count was justified.

The assignment of error addressed to the second count presents no question worthy of discussion.

There is no error.

In this opinion the other judges concurred.