## STATE OF CONNECTICUT *v.* RONALD RYAN

### APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 11-573

Argued April 13—decided June 6, 1962

*Omar H. Shepard, Jr.,* of Willimantic, for the appellant (defendant).

*Philip M. Dwyer,* prosecuting attorney, for the appellee (state).

PRUYN, J. In a trial to the court, the defendant was found guilty of carrying a concealed weapon upon his person in violation of § 53-206 of the General Statutes and has appealed. His assignments of error attack only the conclusions of the trial court.

The facts are as follows: On August 22, 1961, at about 9:30 p.m., the defendant and one Donald Bigelow were brought into the Willimantic police headquarters. They were asked to remove the contents of their pockets and then were placed in adjoining cells. A short time later, Bigelow started shouting that the defendant wanted to kill himself. There-

upon Sergeant Haddad, who was in charge of the desk at the police headquarters, went into the cellblock and found the defendant banging his head against the steel door of the cell. The defendant said that he wanted to kill himself. Sergeant Haddad then left the cellblock and returned with officers Tipper and Palmer. He told the defendant that they were going to search him. The defendant said that he had nothing on him and that he already had been searched. The officers had the defendant step out of the cell and undress, the defendant passing the articles of clothing to officers Tipper and Palmer, who examined each garment. When the defendant removed his right shoe and sock, a straight razor fell out.

Section 53-206 of the General Statutes provides in part as follows: "Any person who carries upon his person any slung shot, air rifle, BB. gun, black jack, sand bag, metal or brass knuckles, *or any dirk knife, or a switch knife, or any knife having an automatic spring release device by which a blade is released from the handle, having a blade of over one and one-half inches in length* or stiletto, or any knife the edged portion of the blade of which is four inches or over in length, or any other dangerous or deadly weapon," without a permit, shall be fined not more than $500 or imprisoned not more than three years or both. (Italics supplied.)

The portion of this section which is italicized was added by the 1953 General Assembly. Cum. Sup. 1955, § 3287d. At the same time, the legislature added what is now § 53-207. Cum. Sup. 1955, § 3288d. Section 53-207 provides in part as follows: "Any person who carries any dirk knife or switch knife, or any knife having an automatic spring release device by which a blade is released from the handle, having a blade of over one and one-half inches in length, or a razor or a razor blade, with

intent to assault another," shall be fined not more than $1000 or imprisoned not more than five years or both.

These two sections specify two different crimes with differing penalties. It is to be noted that § 53-207 includes in its list of weapons "a razor or razor blade," which is not contained in § 53-206, and does not include the words "any other dangerous or deadly weapon," which are contained in § 53-206. We must assume that the General Assembly adopted the 1953 amendment to what is now § 53-206 and also adopted what is now § 53-207 with full knowledge of the difference in language, and the court may not speculate, the language of the sections being clear, that the respective omissions were unintentionally made. *Jack* v. *Torrant,* 136 Conn. 414, 418.

The question raised by the defendant's first two assignments of error is whether a straight-edged razor is a "dangerous or deadly weapon" within the meaning of § 53-206. This requires an interpretation of these words as used in this section. The basic rule in construing a statute is to ascertain and give effect to the intention of the legislature. *Wilson* v. *West Haven,* 142 Conn. 646, 654. Section 53-206 forbids the carrying without a permit of the articles therein specifically mentioned "or any other dangerous or deadly weapon." The articles specifically mentioned are generally recognized as dangerous weapons per se. It is obvious that there are many articles other than those specifically mentioned which might be included within the scope of "dangerous or deadly weapon," if they were used or carried with intention to use them as weapons. Articles which are manufactured and generally used for peaceful and proper purposes, such as baseball bats, axes, hammers, ordinary pocketknives, razors, or other articles too numerous to mention, may be-

come dangerous or deadly weapons when they are used or carried for the purpose of assault or defense. Ordinarily, where general words follow a particular enumeration, they are intended to apply only to matters of the same general character. *Griffin* v. *Fancher*, 127 Conn. 686, 690. However, the evil which was under legislative consideration both in the original enactment of § 53-206 and in the 1953 amendment was the danger of assaults with dangerous and deadly weapons, and therefore certain specified articles were mentioned, not to the exclusion of other potentially dangerous or deadly weapons, but to their inclusion by the use of the words "or any other dangerous or deadly weapon." Therefore, the construction of this phrase cannot be limited to weapons of the same general character. To do so would run counter to the legislative intent. In enacting what is now § 53-207 coincidentally with the amendment to what is now § 53-206, it is obvious that the General Assembly was very much concerned with the danger arising from carrying the types of weapons therein mentioned, and the interpretation of § 53-206 must be made in the light of such legislative intent. We are convinced that the fact that a razor is specifically included in § 53-207 does not mean that it is excluded from § 53-206, although not enumerated therein. A razor is not a dangerous or deadly weapon per se. Whether it becomes a dangerous or deadly weapon is a question of fact for the court or jury to determine. *State* v. *Costa*, 95 Conn. 140, 145. Any inferences which may be drawn from the nature of the weapon and the manner of its use are inferences of fact for the trier to determine in connection with the other circumstances. *State* v. *Litman*, 106 Conn. 345, 352.

In his third assignment of error, the defendant claims that the court erred in concluding on all the evidence that he was guilty beyond a reasonable

doubt. This court has examined the entire evidence disclosed by the transcript of evidence. From the undisputed facts and the conflicting evidence, the trial court could reasonably have found as it did in its finding that the defendant concealed a straight razor on his person and carried it with him for several hours and that the demeanor and conduct of the defendant on the evening in question contradicted his statements as to why he had the razor on his person.

The determination of the credibility of the witnesses and the weight to be given to the testimony of each witness is the exclusive function of the trial court, and, in view of its opportunity to observe the witness on the stand, its conclusion is rarely disturbed. *State* v. *Coulombe,* 143 Conn. 604, 608. Furthermore, the trier is entitled to draw all fair and reasonable inferences from the facts and circumstances which it finds established by the evidence. *State* v. *McDonough,* 129 Conn. 483, 486. It is not the function of this court to substitute its judgment on the facts for that of the trial court.

There is no error.

In this opinion GEORGE and JACOBS, Js., concurred.