## State of Connecticut *v.* Ernest Harris

### Appellate Division of the Circuit Court

File No. CR 5-10542

Argued October 28—decided December 20, 1968

*Andrew D. Sabetta,* public defender, on the brief for the appellant (defendant).

*David B. Cohen,* prosecuting attorney, on the brief for the appellee (state).

DEARINGTON, J. The defendant, having been convicted of carrying a dangerous weapon and also of possession of obscene literature, has appealed, assigning identical errors in his conviction on each count in that the subordinate facts do not support the court's conclusions and in that the court concluded that on all the evidence the defendant was guilty as charged. On the last assignment of error, we determine from the entire evidence whether the court erred in holding that guilt was established on each count by the requisite degree of proof. It is therefore unnecessary to consider in detail the claims of error directed to the finding. *State* v. *Pundy,* 147 Conn. 7, 8.

During the late afternoon of March 27, 1967, Officer Lowe of the Ansonia police department was assigned to bring two people to police headquarters, one of whom was the defendant. Lowe went to his police car, parked in the rear of the headquarters, and searched the rear seat for a clipboard, a fiberboard with a tension clip attached in such a way that paper could be inserted upon which to take notes. He then proceeded to Olson Drive, picked up the two persons, and placed them in the rear of his car, the defendant being seated in the rear right seat. On the way to headquarters, Lowe observed in his rearview mirror that the defendant's head and shoulders were in motion. On arriving at headquarters, the officer, when he was escorting the defendant in, observed Sergeant Sexton of the police department approaching the car. The sergeant observed two playing cards on the ground adjacent to the right rear door of the car and picked them up and examined them. The obverse side of each card indicated that one was the king of clubs and the

other the four of diamonds. The reverse side of each revealed obscene pictures of nude males and females in various lewd positions. He opened the door of the car and found twelve similar cards on the floor of the right-hand side. He also observed a white pack, containing similar cards, inserted in the right rear corner between the seat and side of the car. In all there were a total of fifty playing cards and a joker. A knife was also found with the pack. As a result the defendant was arrested and charged with carrying a dangerous weapon and with possession of obscene literature. The court concluded that the defendant was guilty on each count.

We first consider the allegation relating to possession of obscene literature. Section 53-243 of the General Statutes, entitled "Obscene literature and pictures," provides in part that "[a]ny person who . . . has in his possession with intent to sell, lend, give, offer or show, any . . . thing containing obscene, indecent or impure language, or any picture . . . of like character," shall be punished. No question is raised that such pictures were patently obscene. The court was not in error in drawing from this evidence the inference that the defendant was, prior to his exit from the car, in possession of this material. The fact that Officer Lowe had examined the rear seat prior to its occupancy by the defendant, that no one else had occupied the right rear seat, and that the cards were found on the right rear floor and other cards of a like nature were found inserted between the right rear seat and side of the car immediately after the defendant's exit, was adequate evidence from which the court could reasonably infer that the cards were in the possession of the defendant when he entered the car. See *State v. Foord,* 142 Conn. 285, 294. Although, the defendant denied ownership of this

material, the question of credibility rests with the trial court. *State* v. *Annunziato,* 145 Conn. 124, 135.

The defendant further contends that, even if it is assumed that he was found to possess the material, the court erred in its conclusion of guilt because there was an absence of evidence of intent as required by the statute. The statute provides that a defendant must have possession of such material with the specific intent to use it for one or more of the purposes prohibited. The mere possession of obscene material is not forbidden by the statute. *State* v. *Nathan,* 138 Conn. 485, 487; see *State* v. *Strutt,* 4 Conn. Cir. Ct. 501, 505. Thus, possession becomes unlawful under the statute only if the possessor intends "to sell, lend, give, offer or show" the material. A conviction was warranted, then, only upon proof beyond a reasonable doubt that the defendant had possession of such material and that he had the specific intent to use it for one of the purposes prohibited by statute, and such intent could not be established from the mere fact of possession; *State* v. *Nathan,* supra, 488, and cases cited; that is, apart from mere possession an essential element was proof of scienter by the accused. *State* v. *Andrews,* 150 Conn. 92, 95.

Intent is usually established by circumstantial evidence, for such a question is not ordinarily determined upon direct or tangible evidence which possesses a clearly defined significance. *Goodhart* v. *State,* 84 Conn. 60, 68. It involves a state of mind and generally can be proved only by circumstantial evidence. *State* v. *Vars,* 154 Conn. 255, 267. Great caution must be exercised in reviewing questions relating to intent found by the trial court on circumstantial evidence. *Goodhart* v. *State,* supra. While the trier may draw reasonable and logical inferences

from the facts proven, such inferences, standing alone, would not supply a deficiency in the state's evidence. *State* v. *McDonough,* 129 Conn. 483, 488. The totality of evidence, including the inferences reasonably drawn, must satisfy the trier that guilt has been established beyond a reasonable doubt. That is, such proof of guilt must be produced "as precludes every reasonable hypothesis except that which it tends to support. It is proof wholly consistent with the defendant's guilt and inconsistent with any other rational conclusion. . . . Our law is settled that the proof of guilt must exclude, not every possible, but every reasonable supposition of the innocence of the accused." *State* v. *DeCoster,* 147 Conn. 502, 505. While in the instant case there may have been a strong suspicion that the defendant intended to violate one or more of the statutory prohibitions, "[i]t is the law of this state that a man shall not be convicted upon mere suspicion." Ibid. The evidence here did not exclude every reasonable supposition of the defendant's innocence, for one reasonable supposition is that the defendant possessed the material for his own use, particularly since the principle characteristic of the cards was of a pornographic nature. The conclusion of the trial court invaded the realm of speculation and conjecture.

At the same time the cards were found inserted between the seat and side of the car, a knife was also found in the area of the cards, and the defendant was found guilty of violating General Statutes § 53-206. The pertinent part of this section provides that "[a]ny person who carries upon his person . . . any dirk knife, or a switch knife, or any knife having an automatic spring release device by which a blade is released from the handle, having a blade of over one and one-half inches in length, or stiletto, or any knife the edged portion of the

blade of which is four inches or over in length, or any other dangerous or deadly weapon or instrument" shall be punished. The knife in question was an ordinary bone-handled jackknife containing one blade which measured three and three-eighths inches in length. Since the knife and the blade do not appear to come within any of the specific prohibitions of the statute relating to knives, the state contends that the knife falls within the prohibition set forth as "any other dangerous or deadly weapon." With this contention we cannot agree. The statute particularizes with great specificity the type of knife prohibited, and the phrase "any other dangerous or deadly weapon" obviously designates a type of weapon other than those specifically described. If this were not so, the phrase "or any knife the edged portion of the blade of which is four inches or over in length" would be superfluous. No words in a statute may be treated as superfluous unless there are impelling reasons so to treat them. *Archibald* v. *Sullivan,* 152 Conn. 663, 668. " '[I]f the legislature had intended the general words to be used in their unrestricted sense they would have made no mention of particular classes.' " *Savings Bank of Rockville* v. *Wilcox,* 117 Conn. 188, 194; see *State* v. *Ryan,* 23 Conn. Sup. 425, 429, 1 Conn. Cir. Ct. 287, 290. In so construing § 53-206, we are not called upon to determine whether the knife in question could be found to be a dangerous or deadly weapon under any statute other than the one under review.

There is error as to each count, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion WISE and MACDONALD, Js., concurred.