351 A.2d 818.

STATE *vs.* KEVIN G. BOILY.

FEBRUARY 16, 1976.

PRESENT: Paolino, Acting C. J., Joslin and Kelleher, JJ.

PAOLINO, J. On March 30, 1968, a complaint and warrant was issued against the defendant charging that on March 29, 1968, he

"* * * did unlawfully visit and resort to a tenement resorted by habitual users of narcotic drugs for the purpose of using or taking narcotic drugs in violation

of Title 21, Chapter 28, Section 34 of the General Laws of 1956 as amended."[1]

After being adjudged guilty and fined in the then District Court of the Eleventh Judicial District (now Fifth Division District Court), the defendant appealed to the Superior Court where he was tried before a justice of that court without a jury. Before trial in the Superior Court, the defendant filed a demurrer[2] and a motion to dismiss.[3] The trial justice denied both and, after a hearing on the merits, adjudged defendant guilty as charged, sentenced him to pay a fine of $100, and stayed execution of the sentence pending appeal to this court. The case is here on the defendant's appeal from the judgment of conviction.

The facts are relatively simple. Senior narcotics inspector Leo J. Gracik was the only witness who testified in this case. On March 29, 1968, at about 11:45 p.m. he, together with other narcotics inspectors and Central Falls police officers, raided the first-floor apartment at 733 Pine

---

[1]General Laws 1956 (1968 Reenactment) §21-28-34, insofar as pertinent here, reads as follows:

"Any * * * building * * * which is resorted to by habitual users of narcotic drugs for the purpose of using or taking such narcotic drugs in any manner * * * shall be deemed a common nuisance. * * * Every person who visits or resorts to any place described in this section for the purpose of using or taking in any manner any narcotic drug shall upon conviction be punished by a fine * * * or by imprisonment * * *."

[2]This demurrer was filed before the effective date of the new Superior Court Rules of Criminal Procedure which eliminated the demurrer from Superior Court procedure.

[3]The motion to dismiss challenged the constitutionality of G. L. 1956 (1968 Reenactment) §21-28-34 on the grounds of vagueness and indefiniteness.

A second pretrial motion to dismiss, not pertinent to this appeal, claimed that the state's failure to prosecute denied defendant's rights under art. I, §5 of the Rhode Island Constitution and the fourteenth amendment of the United States Constitution.

Street in Central Falls, pursuant to a previously issued search warrant. The apartment was a known narcotics nuisance. Quantities of various illicit drugs and paraphernalia were seized. There were about 28 persons present in the apartment at the time of the raid, but only those adults who had been seen at the premises prior to the raid were arrested.

The defendant was not in the apartment at the time the search warrant was executed. He had been seen at the apartment on two or three occasions prior to March 29, 1968, sitting on the living room floor passing a cigarette around which resembled a marijuana cigarette. For about 2 weeks prior to March 29 the premises had been under surveillance from a second-floor apartment across the street from which activities in the raided premises were visible. The officers commenced their surveillance on March 29 at around 7:30 p.m. The defendant appeared at the apartment at about 8 or 8:15 p.m. and left after 20 to 30 minutes. The next time inspector Gracik saw him was when one of Gracik's men brought defendant in from outside of the house. The defendant returned to the premises a few minutes after the raid commenced. He entered the building, approached the apartment door, and, when he saw that a raid was in progress, he started to leave the common hallway of the multi-unit residence. At this point, defendant was apprehended.

At the trial, after the state and defendant rested, defendant moved for judgment of acquittal, renewing the grounds cited in the demurrer and motion to dismiss raised before trial. The trial justice found that the challenged statute, §21-28-34, was constitutional and, after reviewing the evidence presented by the state, held that on the basis of the record before him

"* * * it would be an unreasonable hypothesis to conclude that the defendant was there visiting for any other purpose than for the use of narcotics."

He found that the state had proved its case beyond a reasonable doubt and adjudged the defendant guilty.

On this record we cannot agree with the trial justice's conclusion with respect to the purpose of defendant's visit on the day in question. For the reasons that follow, we reverse.

We agree that the evidence presented by the state establishes beyond a reasonable doubt that the apartment involved in this case was a "common nuisance" within the meaning of §21-28-34. However, the narrow question before us is whether the state has proven beyond a reasonable doubt that defendant's visit on March 29, 1968 was "for the purpose of using or taking in any manner any narcotic drug." The statute under which the state charged and prosecuted defendant places the burden on the state to prove beyond a reasonable doubt that defendant's second visit[4] to the apartment on the day in question was for the purpose of using or taking a narcotic drug, that is, that he returned to the apartment with the intent of taking or using a narcotic drug. The defendant, under the statute, was under no duty to explain the purpose of his presence in the common hallway where he was apprehended. The proof necessary to convict defendant involves the question of defendant's intent when he returned to the apartment on the day in question. The state, in effect, concedes the lack of any direct evidence with respect to such intent, but it argues strenuously that the totality of the evidence does support a reasonable inference that defendant's attempted visit was with the intention of using or taking narcotic drugs. As previously

---

[4]The first visit was described above. It occurred at about 8 or 8:15 p.m. on March 29, 1968, and the second visit was a few minutes after the raid commenced at 11:45 p.m.

stated, the trial justice agreed with the state's position on this issue.

We agree that specific intent, such as is involved in this case, is a difficult thing to establish by direct evidence and, because it is the result of a mental process, must ordinarily be proved by circumstantial evidence. We agree also that such an intent may be inferred from conduct, where it is plainly indicated as a matter of logical probability. *State* v. *Nathan*, 138 Conn. 485, 488, 86 A.2d 322, 323 (1952). But where is the conduct in the case at bar which plainly indicates as a matter of logical probability that defendant's return to the apartment at the time and day in question was with intent to use or take any narcotic drugs? Where is the evidence of his intent?

It is true that defendant had been seen with others in the apartment prior to March 29, 1968 sitting on the living room floor passing a cigarette around which resembled a marijuana cigarette. But he is not charged with offenses which may have occurred on visits prior to March 29, 1968; the complaint in the case at bar charges him with an offense on March 29, 1968. There is no evidence in this record indicating that defendant was doing anything in the apartment on the day of the raid. The only thing the evidence shows with respect to defendant's activities on the day in question is that he went to the apartment about 8 or 8:15 p.m., stayed there 20 or 30 minutes, left the premises, returned a few minutes after the raid began, and exited when he realized the place was being raided. We fail to see how this evidence could reasonably support an inference that defendant returned to the apartment for the purpose of using or taking any narcotic drug. In our judgment, the inference drawn by the trial justice with respect to the purpose of defendant's attempted return to the apartment shortly after 11:45 p.m. is not supported by the evidence; it is purely speculative

and conjectural, and, therefore, must be set aside. *State v. Koohy,* 105 R. I. 197, 250 A.2d 711 (1969).

In these circumstances we hold that the state has failed to prove the defendant's guilt of the offense charged beyond a reasonable doubt. In light of our conclusion with respect to the state's failure to establish the defendant's guilt, we do not reach and need not determine the constitutional question and other issues raised by the defendant.

The defendant's appeal is sustained and the case is remanded to the Superior Court for the entry of a judgment of not guilty.

Mr. Chief Justice Roberts and Mr. Justice Doris did not participate.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.