408 A.2d 603.

STATE *vs.* JOHN DeSIMAS.

NOVEMBER 23, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

DORIS, J. This is an appeal from a judgment of conviction entered in the Superior Court adjudging the defendant, John DeSimas, guilty of a violation of G.L. 1956 (1968 Reenactment) §21-28-4.06(1)(c), knowingly and unlawfully visiting a common nuisance for the purpose of using and taking phencyclidine and marijuana.

The defendant was charged in a two-count criminal information. Count I charged him with unlawful possession with intent to deliver phencyclidine. Count II charged him with frequenting a narcotic nuisance. After trial before a Superior Court justice, sitting without a jury, Count I was dismissed and defendant was adjudged guilty of Count II. The trial justice imposed a sentence of six months at the Adult Correctional Institutions (ACI), suspended the execution thereof, and placed defendant on probation for a period of six months. From the judgment of conviction thereafter entered, defendant has appealed to this court.

The defendant testified that on July 14, 1975, at about 5:30 p.m. he visited Ronnie Brown's Warwick apartment, which he had visited on two or three previous occasions. He

testified that while he was sitting in the living room of the apartment and drinking a beer, a person later identified as Officer Terrence Kane, arrived and went into a bedroom with Ronnie Brown. The defendant stated that he did not speak to Kane before Brown and Kane went into the bedroom. He also testified that later one of the arresting officers searched him and removed a vial containing phencyclidine from his pocket. He denied that he was smoking marijuana at any time.

Officer Kane testified that on July 14, 1975, he arrived at the apartment at approximately 6:00 p.m. to purchase some illicit controlled substances from Brown. He stated that as he was admitted into the apartment by Brown, he observed several persons, including defendant, seated on a waterbed in the living room. He said that these individuals were passing around a hand rolled cigarette that he believed was marijuana because it smelled sweet, like hemp. He stated that he saw the cigarette in the hands of defendant. He also testified that one of the individuals offered him a drag on the cigarette but that he declined, stating that he did not want to get high when he was buying a lot of narcotics. He stated that when he was talking to Brown, defendant was about three feet away.

Kane further testified that he and Brown then entered the bedroom to complete the drug transaction. After agreeing on the price, Kane went outside to his car to get the money. While outside, he told a surveillance team that in addition to Brown there were other suspects in the apartment. Kane testified that he then reentered the apartment, leaving the door ajar, and returned with Brown to the bedroom to complete the transaction. When Brown was counting the money, Kane identified himself as a police officer and placed Brown under arrest. At that time the surveillance team entered the apartment and arrested defendant and the other persons who were also in the apartment.

On appeal, defendant alleges that there was insufficient evidence produced at trial to convict him of a violation of

§21-28-4.06(1)(c).[1] The defendant argues that the state had the burden of proving beyond a reasonable doubt that defendant knew Brown used his apartment for the unlawful sale of a controlled substance and that he visited that apartment for the purpose of taking or using a controlled substance. He asserts that the state produced no evidence purporting to show that defendant visited Brown's apartment for the purpose of using or taking a controlled substance.

The state contends that sufficient evidence was produced to establish that Brown's apartment was a common nuisance. It further urges that the totality of the evidence supports a reasonable inference, and provides sufficient proof from which the trial justice could find beyond a reasonable doubt that defendant's visit to Brown's apartment was for the purpose of using or taking a controlled substance.

In a recent case involving a conviction under this statute, we have indicated that specific intent is difficult to establish by direct evidence; and because it is the result of a mental process, it must ordinarily be proved by circumstantial evidence, and that it may be inferred from conduct when it is plainly indicated as a matter of logical probability. *State* v. *Boily*, 116 R.I. 37, 41, 351 A.2d 818, 820 (1976).

---

[1] General Laws 1956 (1968 Reenactment) §21-28-4.06 reads as follows:

"Any store, shop, warehouse, building, vehicle, aircraft, vessel or any place whatever which is used for the unlawful sale, use or keeping of a controlled substance shall be deemed a common nuisance.

"(1) Any person who violates this subsection with respect to:

(a) Knowingly keeping and maintaining such a common nuisance as described in this section may be imprisoned for not more than five (5) years, and fined not more than one thousand dollars ($1,000), or both;

(b) knowingly permitting any store, shop, warehouse, building, vehicle, aircraft, vessel or any place whatever which is owned or controlled by him to be used as a common nuisance may be imprisoned for not more than fifteen (15) years, and fined not more than ten thousand dollars ($10,000), or both;

(c) knowingly visiting a common nuisance as described in this section for the purpose of using or taking in any manner any controlled substance may be imprisoned for not more than one year and fined not more than three hundred dollars ($300)."

In *Boily*, there was testimony that the defendant had been seen passing around what resembled a marijuana cigarette in the apartment on previous occasions, had visited the apartment earlier in the day, and was returning to the apartment when he was arrested. The defendant, however, was not in the apartment when the police entered to make the arrest. It was held that these facts did not constitute sufficient evidence to sustain the conviction of a criminal offense by the defendant at the time of his arrest.

In the instant case, defendant was seated in the apartment both at the time Kane entered it to carry out the purchase of a controlled substance and also at the time the surveillance team entered the apartment and made the arrests. The defendant was also seen holding a marijuana cigarette.

The testimony of Officer Kane relating to the purchase of narcotics from Brown, if believed, was sufficient to establish that the apartment of Ronnie Brown was a common nuisance as defined by §21-28-4.06. In addition, Officer Kane testified that he indicated in the presence of defendant that he was in the apartment to buy narcotics from Brown. In our opinion, the trial justice was entitled on this evidence to conclude beyond a reasonable doubt that defendant knew that Brown's apartment was being used for the unlawful sale, use, or keeping of a controlled substance. The state further points to testimony that defendant was holding a marijuana cigarette and to defendant's own testimony that he visited the apartment on previous occasions, and argues that this was sufficient for the trial justice to conclude the defendant intended to visit the apartment to use marijuana.

The trial justice on the evidence concluded that defendant went to the apartment for the purpose of using marijuana. Prior to finding defendant guilty, the trial justice stated:

> "The Court heard the testimony. The testimony of Officer Kane, going there, what transpired. Mr. Kane, obviously, had some experience in the field of drugs, particularly marijuana. He said he knows what it smells

like. It was being passed around. It was offered to him, notwithstanding the testimony of the defendant.

"[S]pecifically, I find that the evidence is such, and the reasonable inferences are such as to warrant a finding beyond a reasonable doubt that the defendant went to this place, knew that narcotics were used or dispensed there. He went for that purpose, and that he did carry out the purpose, and did use narcotics there."

It is apparent that the trial justice considered the testimony of Officer Kane and defendant. He chose, as was his right, to believe the testimony of Officer Kane. He then drew an inference based on that testimony that defendant went to Brown's apartment for the express purpose of using or taking a controlled substance in violation of §21-28-4.06(1)(c).

In our judgment, the inference drawn by the trial justice that the defendant went to Brown's apartment for the purpose of using or taking a controlled substance is supported by the evidence. Under the circumstances the trial justice's finding that the state has proved the defendant is guilty of the offense charged beyond a reasonable doubt is correct.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*Dennis J. Roberts II,* Attorney General, *Daniel Schrock,* Special Assistant Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.