## THE STATE *vs.* POWERS.

Courts take judicial notice of the local divisions of the state into towns.

A complaint by a grand juror "for selling spirituous and intoxicating liquors" in violation of the statute, which specifies the town but not the county within which the alleged offence was committed, is sufficient.

The principle, decided in the case of the *State* v. *John Miller*, 24 Conn. R., 522, that an information for a statutory offence need not negative an excep- tion in a proviso in the statute, following words of general prohibition, affirmed.

THIS was a grand-juror's complaint to a justice of the peace for selling spirituous liquor contrary to the statute entitled "An act for the suppression of intemperance." *

---

* The first section of that act is in the following words :

"No person shall manufacture or sell, by himself, his servant, or agent,

The complaint was as follows:

" To Russell Wells, of the town of Groton, in New London county, a justice of the peace for said county, now holding a court in Stonington, comes Ezra Chesebro, a grandjuror of said town, duly appointed and sworn, and complaint makes, that Richard Powers of said town, viz.: at said town of Stonington, on the 22d day of August, Anno Domini, one thousand eight hundred and fifty-five, with force and arms, did sell to David Lanphear, of Groton, in said county, on the 22d day of August, A. D. 1855, two glasses of spirituous or intoxicating liquor; also, one pint of intoxicating liquor; also, at the same time and place, did sell to him, the said David Lanphear, two quarts of spirituous or intoxicating liquor, which he, the said Powers, called Santa Cruz rum, against the peace, &c."

A trial was had before the justice, and the defendant was found guilty. From this decision he appealed to the superior court, where he was again tried and convicted. He thereupon filed his motion in arrest of judgment for the insufficiency of the complaint, which motion was reserved for the advice of this court.

*Converse* in support of the motion.

1. It does not appear from the complaint that the acts complained of were done within the jurisdiction of the grandjuror who brought the complaint, or of the justice, or the superior court before which he was tried. Rev. Stat., Tit. 6, ch. 12, § 158. 2 Sw. Dig., 397, 398.

2. An exception in a penal statute contained in the enacting clause, must be distinctly negatived in the complaint for a violation of such statute. This rule has been repeatedly established both in this country and in England. 1 Chit. Cr. Law, 285. 1 Greenl. Ev., §§ 78, 79. *Rex* v. *Jarvis*, 1 Burr., 148. *Spiers* v. *Parker*, 1 T. R., 141. *Commonwealth*

---

directly or indirectly, any spirituous or intoxicating liquor, or any mixed liquor of which a part is spirituous or intoxicating, except as is hereinafter provided. And ale, porter, lager beer, cider, and all wines, are included among intoxicating liquors within the meaning of this act."

v. *Maxwell,* 2 Pick., 139. 8 Pick., 370. 19 Pick., 304. 5 Denio, 79. 18 Verm., 195. *Morse* v. *The State,* 6 Conn. R., 9. *Crandall* v. *The State,* 10 Conn. R., 349.

3. The exception in this statute is clearly within the enacting clause. The words are, "no person shall sell, &c., except as hereinafter provided." The exception is part of the description of the offence, and is in the same clause which enacts it. Selling is not absolutely and unconditionally prohibited, but selling except in a certain prescribed form. All the facts which the statute makes necessary to constitute the offence must be distinctly stated. Every thing charged in this complaint may be true, and yet the accused be innocent. It does not affect this question that the penalty is found in another section. · Chit. Crim. Law, 284. 2 Sw. Dig., 409. *King* v. *Bryan,* 2 Strange, 1101. *Spiers* v. *Parker,* 1 T. R., 141. *Teele* v. *Fonda,* 4 Johns., 306. 18 Verm., 196. 6 Conn. R., 9. 20 Pick., 362.

*Willey,* (state attorney,) and *Palmer* contra.
The complaint is sufficient to uphold the verdict.

1. The rule as to strictness of construction of complaints in offences of the kind charged, has been greatly relaxed; the *intent* of the legislature is to be the rule which will govern. *Rawson* v. *The State,* 19 Conn. R., 292. Rev. Stat., 831.

2. A proviso or exception, unless the same be recited and set forth in the section of the statute creating the offence, and be descriptive of the offence, need not be negatived in the complaint. *Morse* v. *The State,* 6 Conn. R., 12. 1 Chit. Crim. Law, 283.

The case of *Crandall* v. *The State,* 10 Conn. R., 340, does not conflict with this position, as the exception was set forth in the enacting clause of the statute upon which the information in that case was founded.

ELLSWORTH, J. We think there is no force in the objection, that the grand-juror who prosecuted, and the justice who tried the defendant, had no jurisdiction of this complaint. It is said that the complaint does not state that the offence was committed within the county of New London.

Stonington is the place named in the complaint, and the time of committing the offence is named; and although the county is not named, we can judicially take notice of that, which is sufficient. The county and the towns within it are geographical divisions of the state which courts may always take notice of.

The other objection, the want of a negation in the information, that the defendant's case comes within the excepted cases in the statute, we have decided is not well taken, in the case of the *State* v. *John Miller*, 24 Conn. R., 522.

Our advice to the superior court is, that the complaint is sufficient.

In this opinion the other judges, Storrs and Hinman, concurred.

Complaint sufficient.