STATE *vs.* WALLACE SIMPSON.

Kennebec.    Opinion December 16, 1897.

*Indictment.    Pleading.    Place.    R. S., c. 120, § 5.*

It is a familiar principle that courts of law are bound to take judicial cognizance of the territorial divisions of the state into counties and towns, and the relative situation of the towns with respect to counties.

In criminal pleading it is sufficient to state an offense to have been committed in a given town without adding the county in which the same is situated, there being no other town of the same name in the state.

*Held;* in this case, that the original complaint upon which the former conviction was based in the Municipal Court of Waterville, contains a proper alle-

gation that the alleged crime was committed in Kennebec County, and hence fulfilled all of the requirements of law in regard to the allegation of place; and such complaint is adequate to give that court jurisdiction of the offense therein charged.

See *State* v. *Simpson*, ante, p. 77.

## On Exceptions by Defendant.

This was an indictment under R. S., c. 120, § 2, against the defendant for being a common thief. The indictment sets forth a larceny specifically described therein, and alleges a former conviction of the defendant for the crime of larceny in the Municipal Court of Waterville. The object of setting forth this former conviction was to obtain on this indictment a conviction of the defendant for being a common thief, as provided in R. S., c. 120, § 5.

A general verdict of guilty was returned by the jury. The docket entries of the Municipal Court were introduced and when the original complaint from the Municipal Court was offered, the defendant's counsel objected to its introduction as the basis of the proceedings in the Municipal Court, which resulted in the conviction of the defendant there, because that complaint contained no allegation that the defendant committed the alleged crime of larceny in Kennebec county, and hence there was nothing in the complaint to show that the Municipal Court had any jurisdiction of the alleged offense for which it was alleged, in this indictment, that this defendant had been previously convicted.

The original complaint introduced in evidence by the government is of the following tenor :

## "State of Maine.

Kennebec ss.    To Frank K. Shaw, Clerk of our Municipal Court of Waterville, in the County of Kennebec,

Lynn W. Rollins of Waterville, in the County of Kennebec and State of Maine, on the twenty-sixth day of March A. D. 1895, in behalf of said State, on oath Complains, That on the twenty-fifth day of March A. D. 1895, with force and arms, at Waterville, Wallace Simpson, of Winslow, in the County of Kennebec aforesaid, one carriage robe of the value of five dollars of the goods and

chattels, property and moneys of Lynn W. Rollins then and there in the possession of the said Lynn W. Rollins being found, feloniously did steal, take, and carry away, against the peace of said State and contrary to the form of the Statute in such case made and provided."

To the ruling of the presiding judge, admitting said complaint in evidence, the defendant took exceptions.

*G. W. Heselton,* County Attorney, for State.

*S. S. and F. E. Brown,* for defendant.

The records of these Municipal courts like those of trial justices must show affirmatively that the magistrate has jurisdiction in all cases wherein they undertake to act. Nothing is to be presumed. It must appear that the crime charged was committed in the county where the magistrate undertakes to act. Bishop Crim. Law, § 360. Unless the record shows jurisdiction, there is no presumption that the magistrate had jurisdiction. *Green* v. *Haskell*, 24 Maine, 180; *State* v. *Jackson*, 39 Maine, 291. When the complaint was offered by the County Attorney as the basis of the alleged former conviction, we objected to it. It did not show any jurisdiction in the Municipal court to entertain a consideration of the offense and hence, we say, it could not be properly admitted to support the allegation of a prior legal conviction of the crime of larceny. As a complaint before a Kennebec county magistrate it was simply void. It forms no part of a record of a legal conviction.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, STROUT, SAVAGE, JJ.

WHITEHOUSE, J. In this case, as in *State* v. *Simpson*, ante, p. 77, the indictment was for larceny with an allegation of a prior conviction in the Municipal Court of Waterville, and an averment of the legal conclusion, resting upon Sect. 5, Chap. 120, R. S., that the respondent was a common thief.

But in this case, to substantiate the averment of a prior conviction, the government introduced the docket entries from the records of the Municipal Court of Waterville, showing a prior con-

viction of the respondent for larceny, and also the original complaint upon which such conviction was based.

The defendant's counsel contended that this complaint contained no allegation that the larceny charged was committed in the County of Kennebec and hence afforded no evidence that the Municipal Court of Waterville had jurisdiction of the offense. The presiding judge ruled otherwise and a verdict of guilty being returned the defendant took exceptions.

The complaint is somewhat inartificial in its structure, but it may properly be held to fulfill all the requirements of the law in regard to the allegation of place.

It appears from an inspection of the original complaint, as well as of the copy before the court, that the pleader was careful to place a comma after the word Winslow in the phrase "Wallace Simpson of Winslow," and also after the word Waterville in the phrase "at Waterville," indicating an intention on his part to make the clause "in the County of Kennebec aforesaid" qualify the antecedent phrase "at Waterville" as well as that "of Winslow"; and if the two phrases had been transposed so as to read "Wallace Simpson of Winslow, at Waterville, in the County of Kennebec aforesaid," such an analysis would have been clearly in harmony with the rules of syntax, and all doubt and uncertainty in regard to the meaning would have been removed.

But it is unnecessary to rely upon this grammatical construction of the language of the complaint. "In most of our states," says Mr. Bishop, "the names of the minor localities, such as townships, cities and the like, and the counties in which they are located, are parts of the public law; and, where they are, the allegation of the place, omitting the name of the county, carries with it that of the county." 1 Bish. Crim. Proc. § 378. And such is the law in this state. In *Martin* v. *Martin*, 51 Maine, 366, the court say: "Courts of law are bound to recognize the territorial divisions of the state into counties and towns. In criminal cases it is sufficient to state an offense to have been committed in the town of S. without adding the county in which the same is situate, to give the court jurisdiction; the courts take judicial cognizance of the towns

created by law.   Vanderwerker v. The People, 5 Wend. 530; Goodwin v. Appleton, 22 Maine, 453; Ham v. Ham, 39 Maine, 263; State v. Jackson, Id. 291." See also State v. Powers, 25 Conn. 48. "It is customary," says Mr. Bishop "to write the name of the state in the margin, in connection with the name of the county. But the name of the state need not appear either in the margin or in any other part of the indictment." 1 Bish. Cr. Pr. § 383. See also Com. v. Quin, 5 Gray, 478; State v. Wentworth, 37 N. H. 196.

In the case at bar, however, the words "State of Maine," appear in the caption of the complaint, and "Kennebec ss" on the left hand margin. The court could take judicial notice that the city of Waterville is situated in the county of Kennebec, there being but one town of that name in the state of Maine.

It is the opinion of the court that the complaint should be deemed adequate to give that court jurisdiction of the offense therein charged.

*Exceptions overruled.*