## THE STATE OF CONNECTICUT *vs.* THOMAS H. McGEE.

Third Judicial District, Bridgeport, April Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Chapter 134 of the Public Acts of 1911, providing (§ 1) penalties for the sale, or offer for sale, of food in package form, unless the net quantity of the contents be plainly and conspicuously marked on the outside of the package, was, by its express terms (§ 3), to "take effect from its passage," but no penalty was to "be enforced for any violation . . . arising from the sale of food prepared and enclosed in package form prior to eighteen months after the passage of this Act." *Held:—*

1. That unless the Act was to be given no effect whatever for eighteen months after its passage, a result that was obviously contrary to the express intent of its makers, its final clause must be construed as exempting from the operation of the Act, during that period after its passage but no longer, all sales of those foods, and those only, which were prepared and enclosed in packages when the Act took effect.

2. That in charging a violation of the statute it was not necessary to negative the statutory proviso or exception, and allege when the food, which was sold, was prepared and enclosed in the package; and that if the defendant claimed the sale relied upon by the State fell within this exception, it was a matter for him to prove in his defense.

3. That even were the rule otherwise, the information in the present case was sufficient, since it showed a sale made more than twenty months after the Act took effect.

Argued April 22d—decided July 13th, 1914.

INFORMATION for selling food in package form, to wit, a can of tomatoes, without having the net quantity of the contents plainly marked on the outside of the can, in violation of § 1 of chapter 134 of the Public Acts of 1911, brought by appeal of the defendant from an adverse judgment of the City Court of Stamford to the Criminal Court of Common Pleas in Fairfield County, where a demurrer to the information was overruled and the cause tried to the jury before *Walsh,*

*J.;* verdict and judgment of guilty, and appeal by the defendant. *No error.*

*Ralph O. Wells,* for the appellant (defendant).

*Frederick W. Huxford,* Prosecuting Attorney, for the appellee (the State).

THAYER, J. The defendant was convicted in the Criminal Court of Common Pleas upon an information which charged him with having sold, on March 8th, 1913, food in package form, namely, one can of tomatoes, without having the net quantity of the contents of the package plainly and conspicuously marked upon the outside of the package.

The information was founded upon the provisions of chapter 134 of the Public Acts of 1911, p. 1406, which, so far as material to this case, reads as follows: "Section 1. Any person who shall sell or offer for sale, food in package form, unless the net quantity of the contents be plainly and conspicuously marked on the outside of the package . . . shall be subject to the penalties provided in chapter 255 of the Public Acts of 1907. . . . Sec. 3. This Act shall take effect from its passage, but no penalty shall be enforced for any violation of the provisions of section one arising from the sale of food prepared and enclosed in package form prior to eighteen months after the passage of this Act. Approved July 11, 1911."

There was a demurrer to the information, which was overruled, after which the case was submitted to the jury upon an agreed statement of facts, with an instruction that if they found the facts as stipulated to be true their verdict should be for the State. All the facts alleged in the complaint were admitted by the stipulation, and also the additional fact that the can of toma-

toes described in the information had been prepared and enclosed in the can prior to January 11th, 1913. The defendant's claim is that, by reason of the provisions of § 3 of the Act, he could not properly be convicted or sentenced upon these facts, the tomatoes having been prepared and enclosed in the can prior to eighteen months after the passage of the Act. The question of the proper construction to be placed upon the statute is thus raised.

The purpose of the statute is apparent. It contains, in the first section, a general prohibition of the sale of food in package form unless it is marked as indicated. Prior to this enactment the sale of food in unmarked packages was not unlawful. Chapter 255 of the Public Acts of 1907, p. 865, to the penalties of which violators of the Act now in question are made subject, makes it unlawful to sell or offer for sale adulterated or misbranded package foods, but it does not require that foods sold in packages be marked or branded. If branded they must be correctly branded, and the Act makes it clear that to state upon the package in terms of weight or measure any other than the correct weight or measure of the contents of the package is "misbranding." That is, the correct net quantity of the contents must be stated if the package is marked or "branded." That statute was aimed at "misbranding" where the food packages were in fact marked or branded. The purpose of the present Act was to prevent the sale of food in packages unless the net quantity of the contents of the package is marked thereon. Considering the condition of the law at the time the Act was passed, this is entirely clear. To effectuate this purpose the offering of such foods for sale, unmarked as to the quantity, was included in the penalty.

Section 3 of the Act, after providing expressly that it

shall take effect from its passage, adds the provision upon which the defendant relies to support his claim. He says that the last clause of the section, "prior to eighteen months after the passage of this Act," modifies the words "prepared and enclosed" which immediately precede it. This would doubtless be the natural grammatical construction, and should be followed unless it leads to results which it is clear that the legislature in enacting the statute did not intend. If followed, it leads to the result claimed by the defendant, and the prohibition of the Act applied only to the sale of food which should be prepared and enclosed in packages after January 11th, 1913, eighteen months after the passage of the Act. That is, the Act did not prohibit the sale at any time of unbranded package foods which existed in packages at the time the Act was passed or which should be prepared and enclosed in packages within eighteen months thereafter. This means that during the period of eighteen months after the Act was passed there could be no sales of food in unmarked packages which would subject the seller to the penalties prescribed by the Act. This is repugnant to the plainly expressed intent of the Act. Had this been intended, § 3 should have read: "This act shall not take effect until eighteen months after its passage, and shall not apply to sales of foods prepared and enclosed in packages prior to the time when it takes effect." The construction thus claimed renders the first clause of § 3 nugatory. Some other construction must therefore be sought, for it must be presumed that the legislature, by the explicit language of the first clause of § 3, intended the Act to immediately affect some sales at least, included in the general prohibition of § 1 of the Act. We must look through the whole statute to determine its proper construction and the proper construction of its parts.

To determine what sales, if any, were intended to be

saved from the penalties of the general enactment, it is pertinent to ask, what sales, if any, ought to be saved from such penalties? Naturally sales of foods prepared and enclosed in packages at the time the Act took effect. These packages would be on hand at the time when the law making their sale unlawful, when unmarked with the net quantity of their contents, was enacted. There would be good reason for excepting their sale from the immediate operation of the statute. It might lead to public inconvenience to prevent the immediate sale of these, because time would be required for merchants and packers to re-stock with new goods properly marked of the character ordinarily carried by them, or to properly mark the goods which were on hand. As such goods had been prepared and enclosed when their sale, unmarked, was lawful, it would be proper to except from the provisions of the Act, for a reasonable time, the sale of such unmarked packages. No good reason is apparent for allowing the owners of such packages and others, during this time, to stock up with other unmarked foods, to be sold without penalty afterward for an indefinite period until wholly disposed of. This would violate the plain intent of the enacting clause. It is not conceivable that the legislature intended this when it said that the Act should take effect from its passage. What it intended was that the Act should have effect as to sales of unbranded package foods thereafter prepared and enclosed, but that the sale of such package foods prepared and enclosed at the time the Act took effect should not, for eighteen months after its passage, subject the seller to the penalties provided by the Act. While the language is not felicitously chosen to express this intent, we think that it is readily susceptible of that meaning. It is the only construction of the whole Act which gives effect to all of its language, and gives the Act an immediate effect

after its passage as its language requires; unless it be said that the proviso relates only to *sales* of foods and leaves the Act to operate upon the *offering* of them for sale. Such a construction would be preposterous. It would render the defendant guilty and punishable for offering the goods for sale at any time after the passage of the Act, while for the actual sale of them he would be immune from punishment. We cannot impute to the legislature an intent to accomplish such a result.

We think that the words "prepared and enclosed in package form" refer, and were intended to refer, to foods so enclosed at the time the statute in question was enacted. This construction renders the defendant's claim, that the final clause of § 3 modifies the words "prepared and enclosed," untenable. Had the word "now" preceded these words, thus clearly expressing the intent which we hold that the language of the proviso, as it now reads, expresses, the claim could hardly have been made. Our construction makes the last clause of § 3 modify the word "sale." It thus gives effect to the proviso, by exempting from the operation of the general prohibition of § 1, for eighteen months, sales of foods already enclosed in packages when the statute was enacted. It gives immediate effect to the first clause of § 3 and to the first section of the Act, for, under that construction the sale at any time after the Act was passed of any foods which were prepared and enclosed in unmarked packages after the passage of the Act subjects the seller to the penalties provided, and the sale after January 11th, 1913, of food in such packages, whenever enclosed therein, renders the seller liable.

The defendant, admittedly, sold such an unmarked package of food on March 8th, 1913, as alleged in the information, and it follows from our construction of the statute that he was properly convicted and sentenced.

The claim upon the demurrer was that the information is insufficient because it does not state when the tomatoes sold were prepared and enclosed in the package and negative the proviso. This was not necessary. The proviso does not enter into the description of the offense. The information counts upon the general prohibition of § 1 of the statute. The proviso in the subsequent section merely excepts a case from that prohibition. If the sale in this case fell within the exception, it was a matter for the accused to prove as a defense. The State was not called upon to negative the proviso. 2 Bishop, Criminal Procedure (2d Ed.) § 639; *State* v. *Miller*, 24 Conn. 522, 527; *State* v. *Powers*, 25 Conn. 48, 51; *State* v. *Wadsworth*, 30 Conn. 55, 59; *Adams* v. *Way*, 33 Conn. 419, 428. This is the general rule. But were the rule otherwise, the information sufficiently shows that the sale alleged did not fall within the excepted class, for the exemption from liability extended only to sales of this class made within eighteen months after the Act went into effect, and it is alleged that the sale complained of was made nearly two months after that period. The demurrer was therefore properly overruled.

As the defendant's claims under the other exceptions depend upon the correctness of his construction of the proviso, it is unnecessary to consider them further.

There is no error.

In this opinion the other judges concurred.