STATE OF CONNECTICUT *v.* GLADYS HERNANDEZ

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued March 8—decided April 7, 1967

*Robert N. Grosby,* public defender, for the appellant (defendant).

*Robert J. Callahan,* assistant prosecuting attorney, for the appellee (state).

COTTER, J.   The defendant, an unmarried, seventeen-year-old girl, was charged in the Circuit Court with being in manifest danger of falling into habits of vice. General Statutes § 17-379. She was represented by a public defender, who demurred to the information on the ground that the language of § 17-379 is so vague and uncertain as to render the statute unconstitutional on its face. The demurrer was overruled and, when the defendant refused to plead over, the court, suo motu, ordered a plea of not guilty entered on her behalf. Thereafter, the court, despite the entry of a not guilty plea, and without the benefit of a trial, found the defendant guilty and sentenced her to be committed for an indefinite term to the State Farm for Women. The defendant appealed to the Appellate Division of the Circuit Court, claiming error in the overruling of her demurrer. That court affirmed the conviction and, upon the defendant's petition for certification, we have decided, with the agreement of counsel, to review the case as presented by the record before the Appellate Division and in argument to this court on the defendant's request for certification. See Practice Book § 742.

The cumulative effect of all the foregoing circumstances was to invest the action against this particular defendant with the attributes of a criminal proceeding. It is unnecessary to decide, however, whether or not the statute is a criminal statute.

Under the circumstances in the present case, in which a not guilty plea had been entered, the state could not obtain a conviction without the introduction of evidence proving the guilt of the accused. *Garner* v. *Louisiana,* 368 U.S. 157, 163, 82 S. Ct. 248, 7 L. Ed. 2d 207; *Thompson* v. *Louisville,* 362 U.S. 199, 206, 80 S. Ct. 624, 4 L. Ed. 2d 654; note,

80 A.L.R.2d 1362; 22 C.J.S., Criminal Law, § 413. Our opinions in *State* v. *Sul,* 146 Conn. 78, 83, 147 A.2d 686, and *State* v. *Tyrrell,* 100 Conn. 101, 103, 122 A. 924, could not, and were not intended to, relieve the state of the burden of proving its case against a defendant for whom a not guilty plea has been entered. Every accused is legally presumed innocent of the criminal charges brought against him until he admits his guilt in a plea to the court or until the state proves him guilty of the charge beyond a reasonable doubt. See *State* v. *Hayes,* 127 Conn. 543, 554, 18 A.2d 895. The trial court's finding of guilty in this case and the judgment based thereon are such a departure from our fundamental law as to be voidable on review if apparent on the face of the record. See *Thompson* v. *Louisville,* supra, 204; *Wojculewicz* v. *Cummings,* 145 Conn. 11, 19, 138 A.2d 512. Any other rule would put us at the risk of affirming a judgment which, on the face of record before us, has no basis in law. This we do not deem it within our powers to do. See *Crain* v. *United States,* 162 U.S. 625, 645, 16 S. Ct. 952, 40 L. Ed. 1097.

There is error, the judgments of the trial court and the Appellate Division are set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.