STATE OF CONNECTICUT *v.* CHRISTOPHER BEAUTON

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued December 3, 1975—decision released February 17, 1976

*Donald D. Dakers,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *John T. Redway,* assistant state's attorney, for the appellee (state).

HOUSE, C. J. Following a trial to a jury, the defendant was found guilty of the crime of carrying without a permit a dangerous or deadly weapon in a vehicle in violation of § 29-38 of the General Statutes. That section, in relevant part, provides a penalty for any person who knowingly has, in any vehicle owned, operated or occupied by him, "any weapon for which a proper permit has not been issued as provided in section 29-28." The word "weapon" is defined to include any pistol or revolver and any other deadly or dangerous weapon. Section 29-28 provides that upon the application of any person having a bona fide residence or place of business within the jurisdiction of a chief of police, or if there is none, then the warden of the borough or the first selectman of the town, that official may

issue a permit to such person to carry a pistol or revolver within the jurisdiction of the authority issuing the permit. It further provides that the commissioner of state police upon application of a holder of such a locally issued permit may issue a permit to carry a pistol or revolver within the state.

It should be noted that § 29-38 also contains a provision that "the presence of any such weapon in any vehicle shall be prima facie evidence of a violation of this section by the owner, operator and each occupant thereof." In *State* v. *Watson,* 165 Conn. 577, 345 A.2d 532, which was decided by this court subsequent to the entry of judgment in the present case, it was held that that provision is unconstitutional as it has the inevitable effect of placing on the alleged violator the burden of proving his innocence. That portion of the statute was held to be invalid as its operation denied to a defendant the due process of law guaranteed by the fourteenth amendment to the constitution of the United States. The holding in *State* v. *Watson,* supra, however, does not affect the present case since it was held that that invalid portion of § 29-38 was clearly severable and that the remainder of the statute established "each essential element of the crime," and, in the present case, the trial court made no reference to the statutory prima facie presumption in its charge to the jury but, instead, constantly reiterated that the state had the burden of proving beyond a reasonable doubt that the defendant knew that the weapon was being carried in the vehicle operated by him.

Although on taking his appeal the defendant assigned eleven errors, he has limited his brief to two claims of error, and the remaining assign-

ments of error not briefed are treated as abandoned. *First Connecticut Small Business Investment Co.* v. *Arba, Inc.,* 170 Conn. 168, 170, 365 A.2d 100. The substance of the two claims as briefed by the defendant and opposed by the state is that the court erred in denying the defendant's motion to set aside the verdict because, he asserts, the state failed to meet its burden of proof beyond a reasonable doubt (1) that the defendant knowingly had a weapon in the vehicle he occupied, and (2) that it was a weapon for which a proper permit had not been issued as provided in § 29-28. The defendant's appeal was properly taken from the judgment, claiming error in the court's denial of his motion to set aside the verdict, and his brief is limited to claims of insufficiency of the evidence to support the verdict although presented in the form of a claim that the court erred in denying his motion to dismiss. The denial of a motion to dismiss is not properly assignable as error. *State* v. *L'Heureux,* 166 Conn. 312, 324, 348 A.2d 578; *State* v. *Peay,* 165 Conn. 374, 335 A.2d 296. As the parties have, we disregard the form and consider the merits of the appeal on the basis on which it has been briefed —that the court erred in denying the defendant's motion to set aside the verdict.

There is no material conflict as to the basic facts. Acting upon information supplied by an informant, several members of the New Haven police department stationed themselves near a parked motor vehicle. The defendant, accompanied by a companion, came from a nearby building and entered the car on the driver's side. His companion sat on the front seat beside him. The police then approached the car and arrested both men for

carrying a dangerous weapon in a motor vehicle. After the men got out of the car, one of the officers removed from under the front seat on the driver's side a .25-caliber automatic pistol which contained five live rounds.

The first claim of the defendant—that the state failed to prove that he knowingly had a weapon in the vehicle which he occupied—requires but brief comment. The evidence summarized in the state's brief in accordance with the provisions of § 631A of the Practice Book, as verified by reference to the cited pages of the transcript, amply supports a finding by the jury that the defendant had knowledge of the presence of the weapon. Not only does the evidence support a reasonable inference as to such knowledge; *State* v. *Benton,* 161 Conn. 404, 410, 288 A.2d 411; but a significant factor in the circumstances submitted for the jury's consideration was the testimony of one of the police officers, Sergeant Vincent J. DeRosa, that after having been given the *Miranda* warning the defendant several times told the officer that the weapon was his. "There is no legal distinction between direct and circumstantial evidence so far as probative force is concerned." *State* v. *Cari,* 163 Conn. 174, 179, 303 A.2d 7. The circumstantial evidence coupled with the admission by the defendant fully supported a finding by the jury that the defendant knowingly had the weapon in the car he occupied.

On the issue of whether "a proper permit" had been issued for the weapon as provided in § 29-28, the jury had for its consideration a limited amount of evidence. The defendant did not testify in his own behalf nor did he present any evidence. In his

brief, he admits that the state proved that he had not obtained a permit from the chief of police of New Haven, in which city he was arrested, but asserts that proof of this fact is insufficient to prove that no proper permit had been issued and that the burden of proof on this element of the offense rested with the state. As we have noted, § 29-28 provides for the issuance of a permit by a local official to an applicant having a bona fide residence or place of business within that official's jurisdiction, but that permit is only "to such person to carry a pistol or revolver within the jurisdiction of the authority issuing the same." Hence, while proof that the defendant had no permit from the chief of police of New Haven would establish that the defendant lacked a local permit issued in New Haven, it left open and without evidence the question whether the defendant had a local permit issued by the proper official of the municipality in which he had a bona fide residence or place of business plus, on the basis of that permit, a permit issued by the commissioner of state police which would permit him "to carry a pistol or revolver within the state."

It is the claim of the state that "[i]t would be impossible, of course, to prove the negative—i.e., that the defendant had no permit to carry the weapon. It was sufficient to show that he had none from the City of New Haven." The state also emphasizes that "there was never any claim whatsoever that the defendant had *any* kind of permit for the weapon found in the vehicle operated by him. This was not pleaded as a special defense nor was any evidence to this effect introduced by the defendant."

Our decision on this issue is predicated upon a basic principle of our law. "It is fundamental to our jurisprudence that one accused of crime enjoys a presumption of innocence until the state has proven his guilt beyond a reasonable doubt. *State* v. *Hernandez*, 154 Conn. 698, 229 A.2d 30. This means proof which 'precludes every reasonable hypothesis except that which it tends to support and is consistent with the defendant's guilt and inconsistent with any other rational conclusion.' *State* v. *Smith*, 138 Conn. 196, 200, 82 A.2d 816. As a part of its duty to prove guilt beyond a reasonable doubt, the state must establish each essential element of the crime charged. *State* v. *Benson*, 153 Conn. 209, 215, 214 A.2d 903." *State* v. *Brown*, 163 Conn. 52, 64, 301 A.2d 547. As Mr. Justice Brennan observed, speaking for the United States Supreme Court: "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368; see also *Mullaney* v. *Wilbur*, 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508.

We conclude that the lack of a proper permit is an essential element of the crime charged and that the state had the burden of proving beyond a reasonable doubt that a proper permit for the weapon had not been issued as provided in § 29-28. In this conclusion, we are in accord with the recent decision of the Supreme Court of Pennsylvania in *Commonwealth* v. *McNeil*, 361 Pa. 709, 337 A.2d 840. In that case, the court, in construing the provisions

of a Pennsylvania statute[1] similar to § 29-38 of the General Statutes, stated: "The structure of the statute and the nature of the prohibition convince us that the absence of a license is an essential element of the crime." Citing the language of the United States Supreme Court in *In re Winship* which we have quoted above, that court concluded: "It follows, therefore, that the Commonwealth had the burden of establishing this element beyond a reasonable doubt."

A significant factor in reaching our conclusion is that the words of the statute "for which a proper permit has not been issued as provided in Sec. 29-28" appear as part of the enacting or prohibition clause of the statute. It is not an exception but a descriptive negative[2] defining the corpus delicti. Further, § 29-38 is criminal, penal, prohibitive and in derogation of the common law and must be strictly construed. *Duplin* v. *Shiels, Inc.,* 165 Conn. 396, 399, 334 A.2d 896; *State* v. *Briggs,* 161 Conn. 283, 286, 287 A.2d 369; *State* v. *Cataudella,* 159 Conn. 544, 555, 271 A.2d 99. "In so holding we are not oblivious of the danger of unlicensed pistol carrying in a modern, urban community . . . . But we must apply the law as it is written, without undue

---

[1] Section 628 (e) of the Uniform Firearms Act, Act of June 24, 1939, P.L. 872, § 628 (e), as amended, 18 P.S. § 4628 (e) Sup. 1974: "No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided."

[2] As to the distinction between the term "exception" and negatives in the form of qualifying phrases, see annotation, 153 A.L.R. 1218–1401, "Burden of averment and proof as to exception in criminal statute on which the prosecution is based"; see also *State* v. *McGee,* 88 Conn. 353, 359, 91 A. 270; *State* v. *Miller,* 24 Conn. 522; *Brown* v. *United States,* 66 A.2d 491 (D.C. Mun. App.); 29 Am. Jur. 2d, Evidence, §§ 153, 154.

extension by interpretation." *Brown* v. *United States,* 66 A.2d 491, 493 (D.C. Mun. App.). In Connecticut, there is no blanket prohibition against carrying or possessing a pistol.

We cannot accord weight to the argument of the state that "[i]t would be impossible, of course, to prove the negative—i.e., that the defendant had no permit to carry the weapon. It was sufficient to show that he had none from the City of New Haven." As to the latter claim, the evidence was, of course, relevant on the question whether a New Haven permit valid only locally had been issued, but the uncontradicted evidence was that the defendant's residence was in Hamden and there was no evidence as to his place of business. It was not an impossible task for the state to prove, if the facts warranted it, not only that the defendant did not have a permit from the issuing authority of the municipality where the arrest occurred but that he also did not have one valid within the state issued by the commissioner of state police to the defendant as the holder of a local permit issued by the proper official of the municipality where the defendant resided or had his place of business. The state concedes in its brief that "[i]n practice, in virtually every instance, the State Police will issue a State-wide permit on the basis of a local permit." On the facts of the case and in view of the provisions of § 29-28 of the General Statutes, the state was not faced with an impossible task in sustaining its burden of proof as to the essential elements of the crime with which the defendant was charged. It did not sustain the burden of proving that the defendant lacked a proper permit for the weapon found in his automobile and the court should have granted his motion to set aside the verdict.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion the other judges concurred.