STATE OF CONNECTICUT *v.* ALFRED GAGLIARDI

STATE OF CONNECTICUT *v.* VICTORIA PRUDENTIAL

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued October 5—decision released December 13, 1977

*Joseph B. Clark,* assistant prosecuting attorney, for the appellant (state in both cases).

*Frank S. Meadow,* for the appellees (defendants in both cases).

BOGDANSKI, J. The defendants, Alfred Gagliardi and Victoria Prudential, were charged in separate

informations with the crime of obscenity in violation of § 53a-194 of the General Statutes and were found guilty on a trial to the court. From the judgments rendered, they appealed to the Appellate Division of the Court of Common Pleas which found error and set the judgments aside. On the granting of certification, the state appealed from those judgments to this court. The sole issue pressed on these combined appeals is whether under the facts of these cases the state should have presented evidence of relevant community standards in a prosecution for obscenity.

At the trial, the state's only witnesses, two police officers, testified that the defendant Victoria Prudential had performed a striptease at a bachelor party in the rear premises of the defendant Gagliardi's cafe.[1] Her performance was not repeated before the trial court, nor were any photographs or costumes offered in evidence. On the basis of that

[1] The finding reveals the following facts: The defendant Gagliardi held a liquor club permit for the premises in question which contained a rear room and a stage that were contiguous to the barroom. On the night in question, that room and stage were being used for a bachelor party at which members of the male sex were in attendance. The defendant Gagliardi hired the defendant Prudential to perform a dance for the entertainment of those in attendance. Prudential is registered with certain booking agents in New York, Connecticut and New Jersey who arrange dates for her to perform her act. Gagliardi hired Prudential by telephoning his theatrical agent. Prudential had performed the same dance at Gagliardi's twenty to thirty times previously. The music for the dance came from a recording which she brought with her. Her performance at the cafe lasted about twenty minutes and terminated in her disrobing completely. During the last five minutes, the dance was performed in the nude as she held a long feathery object known as a boa which she manipulated around her body. At times the boa concealed portions of her body. At other times it failed to conceal her body. During this part of the dance, her breasts, buttocks and vaginal area were exposed to view. The performance inspired some of the guests to whistle approvingly.

evidence, the trial court concluded that the predominant appeal of the performance was to prurient interests and that it went substantially beyond the customary limits of candor and was without redeeming social value.

On appeal to the Appellate Division, that court concluded that where the performance has not been shown to be patently obscene, the determination of obscenity is for juror or judge, not on the basis of his personal upbringing, but on the basis of contemporary community standards established by relevant evidence at trial. It also concluded that since the prosecution in the present case had the burden of establishing relevant community standards and elected not to do so, the state failed to establish an essential element of the crime charged, and the finding of guilty was therefore in error.

General Statutes § 53a-194, pursuant to which the defendants were charged, prohibits the promotion of any obscene performance. In determining what is obscene, the trier must apply the guidelines as enumerated in *Miller* v. *California,* 413 U.S. 15, 24, 93 S. Ct. 2607, 37 L. Ed. 2d 419: (a) whether the average person, applying contemporary community standards, would find that the performance, taken as a whole, appeals to the prurient interest; (b) whether the performance depicts in a patently offensive way sexual conduct defined by the applicable state law; and (c) whether the performance, taken as a whole, lacks serious artistic value.

The state must establish each and every one of those essential elements before a defendant can be found guilty. *Hudson* v. *United States,* 234 A.2d 903, 906 (D.C. App.). The sole exception is where a performance is so offensive that no conceivable

community standard would permit it. In such a case the state need not offer evidence of community standards. *Womack* v. *United States,* 294 F.2d 204, 206 (D.C. Cir.). In other words, if a reasonable person could come to but one conclusion, i.e., that the performance is sexually morbid, grossly perverse and bizarre, without artistic purpose or justification, the state need not offer evidence of community standards. *United States* v. *Wild,* 422 F.2d 34, 36 (2d Cir.), cert. denied, 402 U.S. 986, 91 S. Ct. 1644, 29 L. Ed. 2d 152; *Morris* v. *United States,* 259 A.2d 337, 341 (D.C. App.). In the present case, there was no finding that the performance was obscene per se. Indeed, the record reveals that there was insufficient evidence to enable the court to determine whether the performance was obscene per se; the performance was not reenacted nor were other materials brought before the court. Cf. *Hamling* v. *United States,* 418 U.S. 87, 94 S. Ct. 2887, 41 L. Ed. 2d 590; *Paris Adult Theatre I* v. *Slaton,* 413 U.S. 49, 93 S. Ct. 2628, 37 L. Ed. 2d 446.

Since the present performance was not found to be obscene per se, the state had the burden of offering evidence to show that by applying contemporary community standards the performance, taken as a whole, appealed to the prurient interest. It was the burden of the state to establish that essential element just as it was the burden of the state to prove all other elements of the crime.[2]

There is no error.

In this opinion LONGO and SPEZIALE, Js., concurred.

---

[2] Difficulty in establishing community standards is insufficient reason for allowing the trier of facts to determine the question without evidence. See *Smith* v. *United States,* 431 U.S. 291, 97 S. Ct. 1756, 52 L. Ed. 2d 324 (Stevens, J., dissenting).

LOISELLE, J. (concurring). As stated in *Miller* v. *California*, 413 U.S. 15, 93 S. Ct. 2607, 37 L. Ed. 2d 419, the United States Supreme Court delineated a three-pronged test for the identification of obscene acts or materials. The first of these criteria inquires into "whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest." *Miller* v. *California*, supra, 24. In a subsequent case elaborating upon *Miller*, the court stated that "[a] juror is entitled to draw on his own knowledge of the views of the average person in the community or vicinage from which he comes for making the required determination, just as he is entitled to draw on his knowledge of the propensities of a 'reasonable' person in other areas of the law." *Hamling* v. *United States*, 418 U.S. 87, 104, 94 S. Ct. 2887, 41 L. Ed. 2d 590. In discussing the "reasonable person" standard, the *Hamling* case indicates that no evidence of a community standard per se is required. In those cases in which the challenged material is of debatable obscenity, it might well behoove the state to submit such evidence, but on the basis of my interpretation of the relevant cases, I cannot say that this is a prerequisite to a valid conviction.

The evidentiary issue as it pertains to the community standard, however, need not have been reached in this case. As in all criminal prosecutions, the state must establish each element of the crime. *State* v. *Beauton*, 170 Conn. 234, 240, 365 A.2d 1105; *State* v. *Brown*, 163 Conn. 52, 64, 301 A.2d 547. In an obscenity case, the first step in this process involves establishing the specific nature of the act or material in question. Once this is estab-

lished, it is for the trier of fact, be it court or jury, to draw on his or her own knowledge of the community to determine whether the average person would find such material to be in contravention of the community standard. See, e.g., *Paris Adult Theatre I* v. *Slaton,* 413 U.S. 49, 93 S. Ct. 2628, 37 L. Ed. 2d 446. In the present case, the state failed to submit sufficient evidence of the nature of the performance itself. While the court, acting as the trier of fact, had the testimony of two police officers on which to base its judgment, that testimony alone did not provide sufficient information on which it could base an independent judgment. In the absence of more evidence establishing the nature of the performance, a conviction could not be warranted, and the state has failed to prove guilt beyond a reasonable doubt. On this basis, I concur in the result reached in the majority opinion.

In this opinion HOUSE, C. J., concurred.