STATE OF CONNECTICUT *v.* ANONYMOUS*

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and WRIGHT, Js.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book, 1978, § 3161, the names of the parties involved in this appeal are not disclosed and the records and briefs will not be distributed to the various libraries of the state. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Supreme Court.

Argued November 13, 1979—decision released January 29, 1980

*Gerard A. Smyth,* assistant public defender, for the appellant (defendant).

*Irving L. Aronson,* deputy assistant state's attorney, with whom, on the brief, was *Mary-Anne Ziewacz,* law student intern, for the appellee (state).

WRIGHT, J. After a trial to the court, the defendant was found guilty as a youthful offender on the charge of carrying a dangerous weapon without a permit, in violation of § 53-206 of the General Statutes.[1]

---

[1] "[General Statutes] Sec. 53-206. CARRYING AND SALE OF DANGEROUS WEAPONS. (a) Any person who carries upon his person any slung shot, air rifle, BB gun, blackjack, sand bag, metal or brass knuckles, or any dirk knife, or a switch knife, or any knife having an automatic spring release device by which a blade is released from the handle, having a blade of over one and one-half inches in length,

The conviction was affirmed by the Appellate Session of the Superior Court. The defendant has come before this court on certification from the Appellate Session.

The main issue to be determined at this juncture is whether the burden is upon the state to prove the lack of a permit, or whether the requirement of having a permit is an affirmative defense, to be pleaded and proved by the defendant.

There is no material conflict as to the basic facts. On July 20, 1977, at 9:30 p.m., two Hartford police officers set up surveillance outside a two-family residence of three floors. After approximately forty-five minutes one of the officers identified the defendant on the roof of the dwelling. The officer testified that he saw the defendant carrying a shotgun or rifle. Additional police units were summoned. Upon the arrival of the additional police units, the officer entered the building under surveillance and arrested the defendant. Others were also arrested. Another officer searched the roof of the building and found two sawed-off shotguns, one long-barreled shotgun, a large bayonet and two Molotov cocktails. The shotguns were loaded.

In affirming the decision of the trial court, the Appellate Session ruled that the phrase "unless such person has been granted a written permit"

---

or stiletto, or any knife the edged portion of the blade of which is four inches or over in length, or any other dangerous or deadly weapon or instrument, *unless such person has been granted a written permit issued and signed by the first selectman of a town, the mayor or chief of police of a city or the warden of a borough, authorizing such person to carry such weapon or instrument within such town, city or borough,* shall be fined not more than five hundred dollars or imprisoned not more than three years or both. . . ." (Emphasis added.)

was not a constituent part of the offense, but was merely an exception. *State* v. *Nathan,* 138 Conn. 485, 489, 86 A.2d 322 (1952). The Appellate Session cited *Commonwealth* v. *Stoffan,* 228 Pa. Super. Ct. 127, 142, 323 A.2d 318 (1974), for the proposition that "where the exception merely furnishes an excuse for what would otherwise be criminal conduct, the duty devolves upon the defendant to bring himself within the exculpatory provision."

The defendant, on the other hand, urges that the essence of the crime is not the carrying of a dangerous weapon, but rather the carrying of a dangerous weapon *without a permit.* The defendant argues that without proof, beyond a reasonable doubt, that he did not possess a permit, a finding of guilty is improper. He cites the constitutional right to bear arms; Conn. Const., art. 1 § 15; U.S. Const., amend. II; and stresses that carrying a weapon is not criminal per se, but only becomes criminal if the weapon is carried without a proper permit. We agree.

Our decision on this issue is premised on a fundamental principle of our law. The burden in a criminal case is placed squarely upon the prosecution to prove each essential element of the alleged crime beyond a reasonable doubt. There is no burden on the defendant to prove his innocence. *State* v. *Beauton,* 170 Conn. 234, 240, 365 A.2d 1105 (1976); *State* v. *Brown,* 163 Conn. 52, 64, 301 A.2d 547 (1972); *State* v. *Benson,* 153 Conn. 209, 215, 214 A.2d 903 (1965). See *Mullaney* v. *Wilbur,* 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975); *In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *Davis* v. *United States,* 160 U.S. 469, 487, 16 S. Ct. 353, 40 L. Ed. 499 (1895).

An examination of the statute brings this court to find a close analogy to the statute interpreted by the United States Supreme Court in *United States* v. *Vuitch,* 402 U.S. 62, 91 S. Ct. 1294, 28 L. Ed. 2d 601 (1971). In that case the government had charged the defendant with producing an abortion in violation of the District of Columbia Code. The statute stated that "[w]hoever . . . produces . . . an abortion or miscarriage on any woman, unless the same were done as necessary for the preservation of the mother's life or health and under the direction of a competent licensed practitioner of medicine, shall be imprisoned in the penitentiary not less than one year or not more than ten years." D.C. Code Ann. § 22-201.

The court reversed a Court of Appeals ruling which had held that the prosecution was not required to prove, as part of the case in chief, that the operation was not "necessary to preserve life or health." The court stated (p. 70) in *Vuitch:* "It is a general guide to the interpretation of criminal statutes that when an exception is incorporated in the enacting clause of a statute, the burden is on the prosecution to plead and prove that the defendant is not within the exception."

More recently, this court applied similar reasoning and analysis in *State* v. *Beauton,* 170 Conn. 234, 365 A.2d 1105 (1976), a case dealing with a statute and fact situation analogous to the case at hand.

In *Beauton,* the defendant was found guilty of carrying a dangerous or deadly weapon in a vehicle in violation of § 29-38 of the General Statutes, which provides a penalty for any person who knowingly has, in any vehicle owned, operated or occupied by him, "any weapon for which a proper permit has

not been issued as provided in section 29-28 or section 53-206." At trial, the state offered no evidence on the question of whether the defendant had a proper permit for the weapon in question. This court concluded (p. 240) that "the lack of a proper permit is an essential element of the crime charged and that the state had the burden of proving beyond a reasonable doubt that a proper permit for the weapon had not been issued as provided in § 29-28."

A significant factor in reaching that decision is the fact that the words of § 29-38, "for which a proper permit has not been issued," appear as part of the enacting or prohibition clause. The words are an integral part of the statute. *State* v. *Beauton,* supra, 241; see 29 Am. Jur. 2d, Evidence §§ 153, 154. Similarly, we find the construction and placement of the words in § 53-206, "unless such person has been granted a written permit," to be an integral part of the enacting or prohibition clause of that statute. Accordingly, we hold that the prosecution has the burden to prove, beyond a reasonable doubt, that the defendant did not possess a written permit under § 53-206.

There is error, the judgment is set aside, and the case is remanded with direction to render judgment that the defendant is not guilty and to order that he be discharged.

In this opinion the other judges concurred.