GEORGE HUNGERFORD *v.* JONATHAN KRAKE

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 962

Argued October 16, 1980 – decided February 20, 1981

*Robert J. Nichols,* for the appellant (plaintiff).

*Sean C. Butterly,* with whom, on the brief, was *James C. Caulfield,* for the appellee (defendant).

SHEA, J.  In this action both the plaintiff and the defendant sought damages which resulted from a collision between the plaintiff's tractor and the defendant's automobile.  The trial court found that the parties were equally at fault and awarded each of them one-half of the damages he had suffered, in accordance with our comparative negligence statute, General Statutes § 52-572h.  The plaintiff has appealed claiming (1) that neither the evidence nor the facts found in the memorandum of decision support the conclusion of negligence on his part reached by the trial court; (2) that the court improperly refused to consider certain testimony and to admit certain photographs in evidence; (3) that there was error in the amount of damages found to have been sustained by each of the parties; and (4) that he was entitled to an award of attorney's fees by virtue of the transfer of the action from the small claims docket, in accordance with General Statutes § 52-251a.  We shall address only the first of these issues because it is dispositive of the appeal.

The memorandum of decision recites that on January 31, 1977, at about 7:30 p.m., the plaintiff's tractor stalled while traveling westerly[1] on route 6, a two-lane highway in Woodbury.  The tractor was towed to the side of the road, where it remained wholly on the shoulder of the highway except that its left rear wheel was on the line separating the shoulder from

---

[1] The memorandum of decision does not state that either the plaintiff or the defendant had been proceeding westerly, but it is undisputed that both vehicles had been proceeding in that direction.

the traveled portion. The defendant, who was also driving westerly,[2] struck the left rear wheel of the tractor with the right front part of his automobile. The trial court found that the plaintiff was at fault in having the left wheel of the tractor on the shoulder line and that the defendant was at fault in failing to keep a proper lookout.

It appears that the finding of negligence on the part of the plaintiff was based entirely upon his claimed violation of General Statutes § 14-251 by allowing the left rear wheel of his tractor to remain upon the line demarcating the shoulder of the road. In his special defense the defendant pleaded as the only specification of negligence pertaining to § 14-251 that the plaintiff had permitted his vehicle "to remain stationary within the limits of a public highway in such a manner as to constitute a traffic hazard and/or to obstruct the free movement of traffic thereon" in violation of the statute.[3] The trial court made no finding

---

[2] See footnote 1.

[3] "[General Statutes] Sec. 14-251. PARKING VEHICLES. No vehicle shall be permitted to remain stationary within ten feet of any fire hydrant, or upon the traveled portion of any highway except upon the right-hand side of such highway in the direction in which such vehicle is headed; and, if such highway is curbed, such vehicle shall be so placed that its right-hand wheels, when stationary, shall, when safety will permit, be within a distance of twelve inches from the curb. No vehicle shall be permitted to remain parked within twenty-five feet of an intersection or a marked crosswalk thereat, or within twenty-five feet of a stop sign caused to be erected by the traffic authority in accordance with the provisions of section 14-301. No vehicle shall be permitted to remain stationary upon the traveled portion of any highway at any curve or turn or at the top of any grade where a clear view of such vehicle may not be had from a distance of at least one hundred and fifty feet in either direction. The commissioner of transportation may post signs upon any highway at any place where the keeping of a vehicle stationary is dangerous to traffic, and the keeping of any vehicle stationary contrary to the directions of such signs shall be a violation of this section. No vehicle shall be permitted to remain stationary upon the traveled portion of any highway within fifty feet of the point where another vehicle, which had previously stopped, continues to remain stationary on the opposite side of the traveled portion of the same highway. No vehicle shall be permitted to remain stationary within the

that the tractor was a traffic hazard or that it obstructed the free movement of traffic, as would be necessary to conclude that this provision of the statute had been transgressed. No claim was made of a violation of those portions of § 14-251 which prohibit a vehicle from remaining stationary upon the traveled portion of a highway, nor do the facts found indicate that any violation of those provisions occurred. There is nothing in the memorandum to indicate that the tractor was situated at a curve or turn, or at the top of a grade on the highway where a clear view could not be had, or in close proximity to vehicles parked on the other side of the road. Indeed, the court, in ruling upon the admissibility of certain evidence regarding the location of the accident, expressed the opinion that the location of the accident was of no concern. The fact that the left rear wheel of the tractor was partly on the traveled portion of the highway, therefore, does not constitute a violation of § 14-251 under the facts found.

Furthermore, even if the court had found that the tractor constituted a traffic hazard or that it obstructed traffic, it would also have had to find that the plaintiff's situation did not fall within the exception contained in this provision of § 14-251, "provided a vehicle which has become disabled to such an extent that it is impossible or impracticable to remove it may be permitted to so remain for a reasonable time for

---

limits of a public highway in such a manner as to constitute a traffic hazard or obstruct the free movement of traffic thereon, provided a vehicle which has become disabled to such an extent that it is impossible or impracticable to remove it may be permitted to so remain for a reasonable time for the purpose of making repairs thereto or of obtaining sufficient assistance to remove it. Nothing in this section shall be construed to apply to emergency vehicles and to maintenance vehicles displaying flashing lights or to prohibit a vehicle from stopping, or being held stationary by any officer, in an emergency to avoid accident or to give a right of way to any vehicle or pedestrian as provided in this chapter, or from stopping on any highway within the limits of an incorporated city, town or borough where the parking of vehicles is regulated by local ordinances. Violation of any provision of this section shall be an infraction."

the purpose of making repairs thereto or of obtaining sufficient assistance to remove it." The plaintiff testified that after the tractor had been moved to the side of the road he remained there warming up the engine so that it would not again stall when he drove out upon the traveled portion of the highway. We do not have to decide at this time whether his purpose of warming up the engine would qualify for the statutory exception, since the tractor was never found to be a traffic hazard or obstruction. To establish a statutory violation the evidence must prove and the trier must find facts negating the application of any statutory exceptions which might otherwise be applicable. *State* v. *Anonymous,* 179 Conn. 516, 427 A.2d 403 (1980); *State* v. *Beauton,* 170 Conn. 234, 241, 365 A.2d 1105 (1976). Where substantial evidence is offered of circumstances meeting this exception, the court should indicate whether or not the necessary facts have been proved. The memorandum does not mention this claim of the plaintiff that he fell within the statutory exception.

We need not consider the remaining errors raised. The rulings on the admission of evidence are unlikely to arise at a new trial. It would be premature to consider the errors claimed regarding damages or the failure to award attorney's fees to the plaintiff. The defendant did concede error in the failure of the trial court to allow for the salvage value of his automobile in awarding damages on the counterclaim.

There is error in the failure of the trial court to find facts sufficient to support its conclusion that the plaintiff was negligent by virtue of his violation of § 14-251, the judgment is set aside and the case is remanded for a new trial.

In this opinion DALY and BIELUCH, Js., concurred.